MARIE S. ROUILLON, Appellant, *v.* RICHARD T. WILSON, Respondent.

*Negligence — notice to a landlord of a defect in one part of an appliance — it charges him with the duty of inspecting the whole.*

A landlord, whose attention has been called to the weather-worn and rotten condition of a portion of a platform of slat work on the roof of a building, used by the tenants as a place to hang their clothes to dry, has thereby imposed upon him an obligation to examine and ascertain the condition of the entire platform.

VAN BRUNT, P. J., and MCLAUGHLIN, J., dissented.

APPEAL by the plaintiff, Marie S. Rouillon, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of June, 1896, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 18th day of June, 1896, denying the plaintiff's motion for a new trial made upon the minutes.

*Samuel D. Levy*, for the appellant.

*Franklin Pierce*, for the respondent.

PATTERSON, J.:

The complaint having been dismissed, the inquiry on this appeal is whether under the most favorable aspect in which the testimony can be viewed, there was anything to go to the jury on the question of the defendant's negligence. The accident which happened to the plaintiff was upon one of the common appliances of the building in which she was a tenant. That appliance was under the sole management and care of the landlord. The plaintiff was entitled and found it necessary to use it. The attention of the landlord had been called to the insecure condition of this appliance. It was a platform of slat work on the roof of the building, upon which tenants stood in order to hang out their clothes to dry, after washing them. The plaintiff had a right to assume that this appliance was safe. The accident happened to her on the first occasion of her using the platform. Notice of its condition was given to the landlord about two months before the accident happened to the plaintiff, but

the notice did not relate to the particular part of the platform through which the plaintiff fell, but to another part which was repaired. The defect pointed out to him was that the boards or slats had become weather-worn and rotten, and when his attention was called to that condition existing in any part of the platform, it was his duty to inspect it all to ascertain whether repairs were required to any other part. The plaintiff fell through a weather-worn and rotten slat in this platform. This was but one appliance; it covered the roof of but one building; its liability to be out of repair by reason of its exposure to the weather was as great in one part as in another. The case differs in no respect from that of a stairway in a house. If one step is worn and dangerous, can it be said that the landlord's duty is discharged if he simply inspects and repairs that one step without looking to the condition of others in the same flight, which presumably have been used in the same way, for the same length of time, and for the same purpose? If that were the case, it would be necessary that he should have notice with reference to the condition of each particular step — and in this case, of every square foot of the platform and every slat in it — which would be simply excusing him from liability for anything that happened, except at the precise spot, the condition of which was called to his attention.

The case differs altogether from one where defects are pointed out in a public street. Because notice is given as to the condition of a public street at one point, that does not necessarily throw upon the municipality the duty of inspecting the whole length of the street, for we know that the burden placed upon different parts of the street at various points is constantly changing. But as to an appliance in a house for general use by the tenants and subjected to the same burdens, notice of an insecure and unsafe condition of parts of the appurtenance arising from general deterioration puts the landlord upon inquiry as to the condition of all of that appurtenance. This platform was but one appliance, and the accident is attributable to its general defective condition. Where, as here, notice is given of a defect in a part of an appurtenance arising from a cause which would operate to impair the whole appurtenance, that notice is sufficient to impose upon the owner the duty of inspection of the whole appurtenance.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN and INGRAHAM, JJ., concurred; VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

Judgment reversed and new trial ordered, with costs to appellant to abide event.