The plaintiff's claim for disbursements, including $500 which he advanced to the commissioners, was likewise litigated, and the court instructed the jury that it could not reimburse the plaintiff for this advancement, but permitted a recovery for actual disbursements in connection with the appeals, and we are persuaded that the verdict of the jury in this respect ought not to be disturbed.

We do not find reversible error in the case, and conclude that the judgment and order appealed from should be affirmed, with costs. All concur.

(109 App. Div. 819)

### SPAETH v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

CARRIERS—INJURY TO PASSENGER—CARE REQUIRED OF PASSENGER.

    In an action for injuries to a passenger, owing to her foot having caught in a strand or loop of a car mat, there being evidence that the mat was practically worn out, it was not incumbent on plaintiff to prove that the particular strand or loop had been in a dangerous condition long enough to charge defendant with constructive notice.

    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1251.]

Appeal from Trial Term, Westchester County.

Action by Anna E. Spaeth against the Manhattan Railway Company. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Aaron J. Colnon, for appellant.
Alfred E. Mudge, for respondent.

HIRSCHBERG, P. J.   The court erred in its charge to the jury that the plaintiff was required by law to prove that the particular strand or loop in the car mat which tripped her had been in a dangerous condition long enough to charge the defendant with constructive notice.   She was a passenger on one of the defendant's elevated trains, and while passing from one car to another, looking for a seat, was tripped and somewhat injured while stepping on the usual woven rope or hemp mat. The general trend of the evidence indicates that one of the strands stuck up in the form of a loop, and that she caught her foot in it.   The allegation in the complaint is that "her foot was caught by a defective mat."   The evidence of the plaintiff, if believed by the jury, would tend to establish the fact that the mat was practically worn out, and that it was "hollowish," "warped off," and "worn thin and loopy."   The court charged the jury in reference to the particular loop which caused the plaintiff's fall that she must show as a condition of recovery that "it had existed for such a length of time that the railroad company in the exercise of reasonable care ought to have ascertained that it was there."   He further charged as follows:

"I charge you that the general worn condition of the mat, if you find it was generally worn, worn down, and hollowish, that there is not any proof here which justifies you in finding that that of itself occasioned this injury. The plaintiff herself says in her complaint and in her testimony here that it

was some strand—some loop—which tripped her. I charge you that they must show that the condition that had existed for such a length of time under the rules I have laid down to you that the defendant was guilty of negligence in not having repaired it."

And he finally charged that:

"If the thing happened right on this spot, if her foot spread up this loop, then it could not have been there for such a length of time that the defendant is negligent."

It is for the jury to say whether the mat was so worn out by lapse of time that it was dangerous; and, if it was so badly worn that a person by the mere act of stepping on it could raise a loop which would trip the foot, the jury might well say that the length of time and the general defective condition furnished reasonable notice of the danger. The strands do not rise from the presence of a foot in the use of new mats, and it cannot be held that in an old mat each strand may throw a passenger and then be cut away without creating any liability for carelessness. If the plaintiff's foot spread up the loop which threw her, it is a fair inference that the generally worn out condition of the mat caused it to do so, and a jury could conclude that such worn out condition was therefore the direct cause of the accident. In Ronillon v. Wilson, 29 App. Div. 307, 51 N. Y. Supp. 430, it was held that knowledge of the rotten condition of one portion of a platform imposed an obligation to examine and ascertain the condition of the entire structure. The principle of that decision applies here.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.