In the Matter of CHARLES E. CLARK, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles, Respondent.— Determination annulled on the law and respondent directed to restore petitioner's license, with $50 costs and disbursements to petitioner. Memorandum: This is a review under article 78 of the determination of the Commissioner of Motor Vehicles revoking the chauffeur's license of the petitioner. The revocation states: "CAUSE: Violation of Section 71-3e of the Vehicle & Traffic Law — gross negligence in the operation of a motor vehicle." Gross negligence within the meaning of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law has been defined as a disregard of the consequences which may ensue from the act and indifference to the rights of others — reckless disregard for the life and property of others. (See Matter of Jenson v. Fletcher, 277 App. Div. 454, and cases cited, affd. 303 N. Y. 639.) While the evidence adduced at the hearing is sufficient to support a finding of negligence, we find no substantial evidence in support of the additional elements necessary to constitute gross negligence. All concur. (Review of a determination by the Commissioner of Motor Vehicles, revoking petitioner's chauffeur's license.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

ROSE LO JACONO, Respondent, v. JOSEPH E. SCHIEDER, Appellant.— Judgment affirmed, with costs. Memorandum: Appellant's main contention on this appeal is that there was no evidence of actual or constructive notice of the defective stairway. There was evidence that the flight of stairs directly below the stairs which gave way and caused the plaintiff's injuries were replaced within "a year or so previous to the accident." We think this evidence was sufficient to permit the jury to find constructive notice of the defect. The applicable rule of law was laid down in Rouillon v. Wilson (29 App. Div. 307, 308) as follows: "Where, as here, notice is given of a defect in a part of an appurtenance arising from a cause which would operate to impair the whole appurtenance, that notice is sufficient to impose upon the owner the duty of inspection of the whole appurtenance." Appellant also argues that the verdict is excessive. There is evidence from which the jury could find a permanent injury to plaintiff's ankle. Under such circumstances we think the verdict of the jury should not be disturbed. All concur. (Appeal from a judgment for plaintiff in a negligence action.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.