■ MICHELLE RODRIGUEZ, an Infant, by Her Mother and Natural Guardian, MARIA RODRIGUEZ, et al., Appellants, v RICHARD AMIGO, Individually and Doing Business as FRIENDLY MANAGEMENT SERVICES, et al., Respondents. [663 NYS2d 873] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Bellantoni, J.), dated October 2, 1996, which granted the defendants' separate motions for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Richard Amigo, individually and d/b/a Friendly Management Services, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the plaintiffs payable by the defendants Richard Amigo individually and d/b/a Friendly Management Services, and the action against those defendants is severed.

From November 1991 until February 1993, the infant plaintiff lived in a multiple dwelling owned first by the defendants Jost Associates, Inc. (hereinafter Jost), and then, as of April 1992, by the defendant Friendly Management Services (hereinafter Friendly). Concededly, the infant plaintiff's mother never complained to any of the defendants about chipping or peeling paint, and an engineering inspection commissioned by the current owner before purchasing the property did not reveal any peeling paint on interior walls, or any lead condition. However, in November 1992 the New York State Department of Health (hereinafter the Department of Health) notified the defendant Richard Amigo, the principal of Friendly, that a lead condition existed in another apartment in the building which required that all window sills, window sashes and window sash tracks in that apartment be "completely removed of paint, encapsulated or have the original construction material replaced".

In opposition to the defendants' motions for summary judgment, the plaintiffs asserted, *inter alia*, that notice in November 1992 of a dangerous lead condition in another apartment in the building gave the defendants Amigo and Friendly actual or constructive notice of the defect in the plaintiffs' apartment. In reply, Amigo stated that he thought that the lead condition was "unique to that unit because it was part of the original attic" which was converted to living space in 1986, while the plaintiffs' apartment had been lived in for many years and "would have had newer interior paint applied over the years".

The Supreme Court granted the defendants' motions for summary judgment on the ground that none of the defendants had actual or constructive notice of the lead condition in the plaintiffs' apartment for such a period of time as to afford them a reasonable opportunity to correct the condition (*see, Putnam v Stout*, 38 NY2d 607, 612; *Gravell v Zito*, 216 AD2d 919).

There is no evidence in the record that Jost had actual or constructive notice of the lead condition. Therefore, its motion for summary judgment was properly granted. However, under the circumstances of this case, there is a question of fact as to whether the defendants Amigo and Friendly had constructive notice in November 1992 of a lead condition in the plaintiffs' apartment, because they had actual notice of a lead condition in another apartment in the same building. The condition in the other apartment was so severe that the Department of Health ordered that all window sills, window sashes and window sash tracks be "completely removed of paint". Thereafter, lead was found on a window sill in the plaintiffs' apart-

ment. Evidence of the condition in the other apartment would be admissible at trial (*see, Smith v Fields*, NYLJ, June 12, 1997, at 28, col 6 [Sup Ct, NY County]).

Knowledge of a dangerous condition in one portion of the structure may have imposed upon the owners an "obligation to examine" other portions of the structure for defects arising from the same cause, and to ascertain what was ascertainable with the exercise of reasonable care (*Spaeth v Manhattan Ry. Co.*, 109 App Div 819, 821; *see, Chin v Harp Mktg.*, 232 AD2d 601, 602; *Lo Jacono v Schieder*, 281 App Div 799; *Rouillon v Wilson*, 29 App Div 307; *cf., Lanthier v Feroleto*, 237 AD2d 877). The Department of Health found that the lead condition in the windows of the attic unit could not be corrected merely by applying a new coat of paint: it directed that all old paint be removed. Nevertheless, Richard Amigo claims that he thought the lead condition in the attic unit would not exist in the plaintiffs' apartment because newer coats of interior paint had been applied there over the years. This explanation was not a basis for granting Richard Amigo individually and d/b/a Friendly Management Services, judgment as a matter of law, but rather presented a question of fact for the jury.

Accordingly, summary judgment is denied with respect to those defendants. Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.