# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**305**

**CA 14-01590**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

LEONA JOHNSON, FORMERLY KNOWN AS LEONA BERL,
AS PARENT AND NATURAL GUARDIAN OF ANTHONY
JONES, AN INFANT, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

MICHAEL GILES, DEFENDANT-RESPONDENT.

---

LIPSITZ & PONTERIO, LLC, BUFFALO (ZACHARY JAMES WOODS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (ROBERT M. SHADDOCK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered November 22, 2013. The order, insofar as appealed from, granted in part the motion of defendant for summary judgment by dismissing all claims for the period from October 1, 1995 through July 29, 1996.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained by her infant child as a result of the child's exposure to hazardous lead paint conditions at a property owned by defendant. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion in part by dismissing plaintiff's claims for the period from October 1, 1995, the date of plaintiff's first occupancy, through July 29, 1996, the date of a municipal inspection of the premises. We affirm.

"In order for a landlord to be held liable for a lead paint condition, it must be established that the landlord had actual or constructive notice of the hazardous condition and a reasonable opportunity to remedy it, but failed to do so" (*Spain v Holl*, 115 AD3d 1368, 1369; *see generally Chapman v Silber*, 97 NY2d 9, 19-20). A plaintiff can establish that the landlord had notice of a hazardous lead paint condition by showing that the landlord: "(1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment"

(*Chapman*, 97 NY2d at 15).

Here, we conclude that defendant met his initial burden of establishing that he did not have actual or constructive notice of a hazardous lead paint condition on the premises prior to an inspection conducted by the Monroe County Department of Health (MCDH) on July 29, 1996 (*see Spain*, 115 AD3d at 1369; *Stokely v Wright*, 111 AD3d 1382, 1382-1383; *cf. Watson v Priore*, 104 AD3d 1304, 1305-1306, *lv dismissed in part and denied in part* 21 NY3d 1052).  Defendant testified during a deposition that he was not aware of any peeling or chipping paint on the premises prior to the inspection conducted by the MCDH, and that plaintiff never complained to him of any peeling or chipping paint.  Plaintiff likewise testified that she did not recall any peeling or chipping paint on the premises.

We further conclude that plaintiff failed to raise a triable issue of fact in opposition (*see Spain*, 115 AD3d at 1369; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiff did not challenge defendant's position that he did not have actual notice, but she contended that defendant should be charged with constructive notice because there was peeling or chipping paint in common areas.  Although a landlord "is generally chargeable with notice of [a] dangerous condition[] which a reasonable inspection would have discovered" (*Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 181), plaintiff failed to present any evidence that the peeling or chipping paint here was " 'visible and apparent [or that] it . . . exist[ed] for a sufficient length of time' " to allow defendant to remedy it (*id.* at 182, quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837).  We reject plaintiff's contention that defendant should have been aware of the peeling or chipping paint based upon prior repairs that he had been required to make by the City of Rochester Department of Community Development (City) in another apartment in the building.  The documents issued by the City concerning those repairs are vague and give no indication whether the repairs were to address the presence of lead paint in the apartment (*cf. Rodriguez v Amigo*, 244 AD2d 323, 324-325).

Plaintiff's further contention that defendant should have been aware of the peeling or chipping paint based upon his visits to the house is not properly before us inasmuch as it was raised for the first time on appeal (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  May 1, 2015                        Frances E. Cafarell
                                             Clerk of the Court