■ Z.D., an Infant, by Her Mother and Natural Guardian, ZAIMAH A., et al., Appellants, v MP MANAGEMENT, LLC, et al., Respondents. [55 NYS3d 194]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered February 1, 2016, which, to the extent appealed from as limited by the briefs, denied in part plaintiffs' motion to compel discovery, unanimously reversed, on the law and the facts, without costs, and defendants are directed to produce within 45 days all documents in their possession relating to the lead violations on record in all apartments in the subject buildings (2487 Davidson Avenue, Bronx, New York and 2501 Davidson Avenue, Bronx, New York) for three years prior to the date of exposure.

The motion court should not have limited defendants' production of records pertaining to lead-based paint exposure to the date of exposure and three years prior only in the subject apartments, namely, the apartment in which the infant plaintiff resided and the apartment, in a different building, where she attended day care. "While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]).

Plaintiffs allege in their complaint that defendants "knew, should have known, and/or had reason to know that there was deteriorated, defective, flaking, chipping and peeling paint in the Subject Premises [apartments] *and the Subject Building*," which "could be harmful to children" (emphasis supplied). Yet, despite this knowledge, the complaint alleges that defendants were negligent in performing repairs within the plaintiffs' residence and the apartment where the infant plaintiff attended day care, and permitted the continued "emission, discharge[ ], spread and dissemination of lead based paint . . . thus causing the exposure of the infant plaintiff" to the hazardous conditions which were a contributing cause of her lead poisoning. Additionally, since plaintiffs had evidence from the New York City Department of Housing Preservation and Development (HPD), which showed numerous lead paint violations in the subject buildings, and since evidence of lead paint hazards in one part of a building may be relevant to the issues of defendants' notice of the condition, duties and obligations to the plaintiffs (*see e.g. Espinal v 570 W. 156th Assoc.*, 258 AD2d 309 [1st Dept 1999]; *Rodriguez v Amigo*, 244 AD2d 323, 324-325 [2d Dept 1997]; *Smith v Fields*, NYLJ, June 12, 1997 at 32, col 2, NY Misc Lexis 731 [Sup Ct, NY County 1997]), plaintiffs'

552

demand for production of records for lead-based paint violations in the other apartments in the buildings was appropriate (*see* CPLR 3101 [a]). "Knowledge of a dangerous condition in one portion of the structure may have imposed upon the owners an 'obligation to examine' other portions of the structure for defects arising from the same cause, and to ascertain what was ascertainable with the exercise of reasonable care" (*Rodriguez v Amigo*, 244 AD2d at 325). The fact that plaintiffs may have been able to access some evidence of lead paint violations in the building from HPD does not preclude plaintiffs from seeking these records directly from defendants in discovery (*see Matter of Steam Pipe Explosion at 41st St. & Lexington Ave.*, 127 AD3d 554, 556 [1st Dept 2015], *affd* 27 NY3d 985 [2016] [holding that "Con Edison's independent efforts to obtain publicly-available documents, whether through record searches or Freedom of Information Act requests, do not extinguish third-party defendant's obligations to comply with the CPLR"]; *see also Alfaro v Schwartz*, 233 AD2d 281, 282 [2d Dept 1996] [stating that simply because "the documents sought may be available in public records does not, in itself, preclude production of those records from a party"]). Concur—Acosta, P.J., Tom, Kapnick, Kahn and Gesmer, JJ.