K.V. v New York City Hous. Auth. (2020 NY Slip Op 01133)





K.V. v New York City Hous. Auth.


2020 NY Slip Op 01133


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11059N 350023/13

[*1] K.V., an Infant by His Guardian Ad Litem Debra C., et al., Plaintiffs-Respondents,
v
New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Sharyn Rootenberg of counsel), for appellant.
Gregory J. Cannata & Associates, LLP, New York (Jennifer K. Mathew of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about September 7, 2018, which granted plaintiffs' motion to renew or reargue a prior motion to compel discovery, and, upon reargument, directed defendant to produce its lead paint records for the entire housing development for a period of five years, unanimously modified, on the law and the facts, to limit defendant's disclosure obligation to the three years preceding the infant plaintiff's lead paint diagnosis and to the subject building, and otherwise affirmed, without costs.
The court providently exercised its discretion in granting plaintiffs' motion to reargue (see CPLR 2221[d]). Under First Department precedent, as clarified by Z.D. v MD Mgt. (150 AD3d 550 [1st Dept 2017]), records pertaining to lead paint in the apartment building as a whole are relevant to the issue of defendant's notice of a lead condition in other parts of the building that may have triggered an independent "obligation to examine" plaintiffs' apartment (id. at 551-552 [internal quotation marks omitted]).
However, the scope of the discovery that the court ordered is too broad. In their original demands, plaintiffs did not seek documents pertaining to the entire development, and, in any event, such documents are not material and necessary to establish defendant's notice of lead paint hazards in plaintiffs' apartment. Thus, we limit defendant's obligation to documents in its possession for the three years preceding the infant plaintiff's diagnosis and to plaintiffs' building (see Z.D., 150 AD3d 550).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK