Smith v ZocDoc Inc. (2024 NY Slip Op 06676)

Smith v ZocDoc Inc.

2024 NY Slip Op 06676

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 158451/21 Appeal No. 3351 Case No. 2024-00222 

[*1]Rolland Smith, Appellant,
v
ZocDoc Inc., Respondent.

Alisme Law LLC, Brooklyn (Joam Alisme of counsel), for appellant.
McDermott Will & Emery LLP, New York (Mark Meredith of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about October 17, 2023, which granted defendant's motion for a protective order and to compel plaintiff to respond to certain requests, unanimously modified, on the law, to deny the motion for a protective order to the extent of permitting limited disclosure of documents or communications concerning photographers that defendant hired during the relevant period and documents or communications concerning their compensation structure, and otherwise affirmed, without costs.
The motion court providently granted that branch of defendant's motion for a protective order with respect to plaintiff's request for individualized putative class member information, including a class list with their full names and contact information, as these demands are beyond the scope of preclass certification discovery (see Yen Hsang Chang v Westside 309 LLC, 206 AD3d 491 [1st Dept 2022]). However, the court should have permitted discovery of documents or communications concerning photographers that defendant hired during the relevant period and documents or communications concerning the compensation structure of those photographers (see Z.D. v MP Mgt., LLC, 150 AD3d 550, 551 [1st Dept 2017]). Defendant may limit the disclosure by redacting each photographer's full name and contact information, but these records bear directly on the question of numerosity and commonality under CPLR 901 (see Chimenti v American Express Co., 97 AD2d 351, 352 [1st Dept 1983], appeal dismissed 61 NY2d 669 [1983]).
We find that granting defendant's motion to compel was not an improvident exercise of the motion court's broad discovery powers (see Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024