THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE FEDERATED RADIO CORPORATION and Others, Defendants, Impleaded with GEORGE A. CARDEN and Others, Individually and as Copartners Doing Business under the Firm Name and Style of CARDEN, GREEN & Co., Appellants.

Second Department, March 19, 1926.

Corporations — action by People under article 23-A of General Business Law to restrain sale of corporate stock — complaint alleging representation, falsity, deception and injury is sufficient under General Business Law, §§ 352 and 353, without allegation of scienter.

In proceedings by the People under article 23-A of the General Business Law, commonly known as the Martin Act, to restrain the defendant corporations and individual defendants from selling stock of the defendant corporations on the ground that the defendants are committing a fraud upon the public by selling their stock under misrepresentation, the complaint which alleges representation, falsity, deception and injury is sufficient under sections 352 and 353 of the General Business Law, notwithstanding it does not allege scienter, for under article 23-A it makes no difference that the vendor of the stock may be ignorant of the falsity of his representations if the fact remain that he is offering for sale or selling stock which is a cheat upon the buyer.

APPEAL by the defendants, George A. Carden and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 4th day of November, 1925, denying said defendants' motion to dismiss the complaint upon the ground that it does not allege facts sufficient to constitute a cause of action against said defendants.

*Albert Stickney* [*George Gordon Battle* and *Henry E. Kelley* with him on the brief], for the appellants.

*William H. Milholland* [*Albert Ottinger*, Attorney-General, and *Keyes Winter* with him on the brief], for the respondent.

PER CURIAM. Appellants moved for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The motion having been denied, this appeal is taken. The complaint is based upon article 23-A of the General Business Law (added by Laws of 1921, chap. 649, as amd. by Laws of 1923, chap. 600, and Laws of 1925, chap. 239),

commonly known as the Martin Act. The power of the Attorney-General under section 352 of the General Business Law to require the filing of a statement as to the acts of persons and corporations and to investigate and subpœna as therein provided is not herein involved. The only question before the court is whether or not sufficient facts are alleged in the complaint warranting a restraint of the sale of stock of the defendant corporations. The other and drastic relief prayed for does not require consideration upon this appeal.

It is claimed that defendants are committing a fraud upon the public by selling their stock under misrepresentation. The essential allegations of fraud are representation, falsity, scienter, deception and injury. (*Reno* v. *Bull*, 226 N. Y. 546.) This complaint, though not very clear in its averments, contains all these items, save an important one, to wit, scienter, except possibly as to one of the defendants. We hold that the complaint, even wanting in this essential item, states a cause of action under sections 352 and 353 of article 23-A of the General Business Law (added by Laws of 1921, chap. 649, as amd. by Laws of 1925, chap. 239). It is not questioned that, under the police power, the Legislature may provide against frauds upon the public. It is a matter of common knowledge that an era of unprecedented industrialism has presented rare opportunities for the exploitation of nefarious schemes at the expense of an uninformed public. One of the purposes of this act is to prevent the public from being cheated; to protect the unwary and credulous from the allurements of false tokens in the hands of bland sharpers, plying their trade under cover of a respectable and honest environment. It is sought by restraining the wrong to prevent the injury. It makes no difference that the vendor may be ignorant of the falsity of his representations, if the fact remain that he is offering for sale or selling something which is a cheat upon the buyer. It should be restrained if it involves the public, as it is here alleged. Aside from legislative direction, equity will right a wrong regardless of good or bad faith. (*Bloomquist* v. *Farson*, 222 N. Y. 375.) The law sufficiently defines the acts which come within its provisions. A statement of the words " fraud," " fraudulent practices," in connection with the subject of their use, carries its own definition. References to the purposes of this law must not be deemed to be a criticism of these defendants. We are dealing with a pleading and not with the facts.

KELLY, P. J., RICH, MANNING, KAPPER and LAZANSKY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.