J. D. SPENCER Co., LTD., Appellant, *v.* NEW YORK REVIEW, INC., Defendant, and JOHN A. TALBOT, JR., et al., Respondents.

Appeal from an order of the Supreme Court at Special Term, entered December 18, 1952, in New York County, which denied a motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

MEMORANDUM BY THE COURT. The order appealed should be affirmed, with costs to defendants-respondents, on the ground there are issues of fact to be tried including the basic issue as to whether the documents in question were procured by fraudulent representations. This should be pleaded as a separate defense. If such defense is sustained, the indorsement on the note and the guarantee were procured by fraud and they have no validity. To determine these and other issues, a trial is essential.

PECK, P. J., and BERGAN, J. (dissenting). This is an action upon a promissory note of the corporate defendant in the amount of $7,000 and a written guarantee of payment by the individual defendants. The note is due in accordance with its terms and the obligations of the individual defendants have ripened into maturity. On the face of the documents there is no defense to the action.

Plaintiff has been denied summary judgment, however, upon a holding that there are triable issues as to defenses raised in the answers. The defenses are that the obligations were discharged pursuant to agreement by payment of the sum of $500, and that delivery of the note was accompanied by an oral and illegal side agreement that the individual defendants were to be held liable only for any loss which plaintiff might sustain after writing the note off as a bad debt and taking a tax deduction therefor.

To our minds these alleged defenses raise no triable issues and are inadmissible.

There would be no consideration for the discharge of a $7,000 debt by a payment by the obligors of $500, and we consider this defense as sham.

The asserted defense of illegality violates the parol evidence rule and the rule that a written agreement may not be varied by attempted proof of a contemporaneous oral understanding. Defendants contend, however, that as recognized exceptions of the parol evidence rule, they may show a conditional delivery of the note and that the giving of the note was part of an illegal transaction.

There was no conditional delivery here in the sense that the cases have allowed a showing that a note was never intended to be effective; nor was the note part of any illegal transaction. The note was given in connection with a loan to finance the corporate business of defendants and it was intended that the loan should be repaid. What the defendants are urging is a condition subsequent that if the corporate borrower did not succeed in business and could not pay the note and it became a bad debt in the hands of plaintiff, a claim over on the guarantee would be made only to the limited extent of the net loss surviving the tax loss. This would be an illegal addendum and represents an attempt to graft upon the note and written document of guarantee terms which are at variance with the writings and which in our opinion are inadmissible as a matter of law.

We think that the order appealed from should be reversed and the motion for summary judgment granted.

Dore, Callahan and Breitel, JJ., concur in Memorandum by the Court; Peck, P. J., and Bergan, J., dissent and vote to reverse and grant summary judgment, in opinion.

Order affirmed, with costs to the respondents, on the ground there are issues of fact to be tried including the basic issue as to whether the documents in question were procured by fraudulent representations. [See *post,* p. 759.]