BERNARD BERFOND, Respondent, *v.* HOME LINES, INC., et al., Appellants.

Supreme Court, Appellate Term, First Department, December 7, 1961.

*Gray & Wythe (Horace M. Gray* and *James A. Stevenson* of counsel), for appellants. *Edward Wooster* for respondent.

*Per Curiam.* Defendants duly served upon the plaintiff a notice pursuant to sections 288 and 290 of the Civil Practice Act that depositions would be taken of two witnesses who were residents of Genoa, Italy, and who were frequently absent from the State of New York. Plaintiff's attorney did not attend during the taking of these depositions, nor did he avail himself of the opportunity to cross-examine these witnesses.

Despite the fact that these witnesses were in the employ of the defendants, the deposition of the witness Helmar Seeman should have been received in evidence since testimony was adduced on behalf of the defendants that this witness was a member of the crew of the *S. S. Homeric,* which vessel was proceeding from Montreal, Canada, to Southampton, England, at the time of the trial, thus providing a proper foundation for the receipt in evidence of the deposition. It was not clearly established that Marcuzzi was in fact on the vessel at the time of trial and the failure to receive his deposition does not constitute error.

The failure to receive the Helmar Seeman deposition, in the face of evidence before the court that the witness was out of the jurisdiction at the time of the trial, constituted reversible error and the judgment in favor of plaintiff may not be permitted to stand.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

Concur — HECHT, J. P., AURELIO and TILZER, JJ.

Judgment reversed, etc.