■ EXCHANGE LEASING CORPORATION, Respondent, v. DONALD J. BUNDY et al., Appellants.— Judgment and order unanimously modified by reversing and deleting that portion thereof which awards judgment against the defendant Bundy on the first cause of action contained in the complaint and otherwise affirmed, with costs to the appellant-defendant Bundy. Memorandum: The determination of Special Term was based largely upon the rule that the defense of usury is unavailable to the corporate appellants-defendants and their individual guarantor, defendant-appellant Bundy. (*General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87.) We do not disagree with this rule or its application as to causes of action " Second " through " Fifteenth ", inclusive. However, the first cause of action does not come within this rule. That cause of action is against Bundy individually, as lessee of certain equipment, for failure to make payments required of him under the so-called leasing agreement. There is no guarantee of any corporate obligation. In fact, there is no corporation involved in the transaction, whatever it was. The answer of Bundy sets up the defense of usury, not in a particularly artistic manner, but in manner sufficient to give " notice " to the plaintiff of the nature of the defense and of the transactions intended to be proved and the material elements of such defense. (CPLR 3013; *Donnelly* v. *Rochester Gas & Elec. Corp.,* 21 A D 2d 740; *Foley* v. *D'Agostino,* 21 A D 2d 60.) The Special Term Justice also put serious reliance upon a provision in the written lease agreement that the instrument contained the entire agreement between the parties " and no representations, oral or written, shall constitute an amendment hereto unless signed in writing by an officer of the Lessor." The Special Term Justice determined that parol evidence could not alter the written lease as it is complete on its face. *Fogelson* v. *Rackfay Constr. Co.* (300 N. Y. 334, 340) was cited. However, the general rule that parol evidence may not alter a written agreement is not a hard and fast rule (see *Fogelson* v. *Rackfay Constr. Co., supra,* p. 340; *J. W. Mays, Inc.* v. *Hertz Corp.,* 15 A D 2d 105; *Nationwide Mut. Ins. Co.* v. *Timon,* 9 A D 2d 1018), but it would not apply in the present case in any event because it appears that part of the agreement relied upon by Bundy, before entering into it, was a separate written document containing options upon failure to pay. These options were discussed at the time that Bundy signed the agreement and were printed and delivered to him by the plaintiff. They were definitely a part of the entire agreement and belie the clause in the agreement that it (the lease in question) contained the entire agreement of the parties. Furthermore, a clause of this kind should not rule out a defense of fraud and, as we have indicated, is subject to many exceptions. (*Spencer Co.* v. *New York Review,* 282 App. Div. 659.) Rules of evidence should be guardedly and cautiously applied on an application for summary judgment, particularly where there are many exceptions to general rules and where the application of a rule of evidence or the exceptions thereto can best be determined upon evidence offered at a trial. (*Bourgeois* v. *Celentano,* 10 A D 2d 824, mot. for lv. to app. den. 8 N Y 2d 708; *Raybin* v. *Raybin,* 15 A D 2d 679.) " It is well established that summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues; nor may it be granted whenever there is doubt as to the

existence of a triable issue or when the issue is arguable since '"issue-finding, rather than issue-determination is the key to the procedure"' (*Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404 [1957])." (*Falk* v. *Goodman*, 7 N Y 2d 87, 91.) A trial should be had as to said first cause of action to determine just what the transaction was from a legal standpoint, and whether it was usurious. (Appeal from judgment and order of Erie Special Term granting summary judgment in action on sale and leaseback agreements.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.