█ FRANK FELLER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 44735.) — Appeal from a judgment, entered May 16, 1973, upon a decision of the Court of Claims. Claimant, on the instant appeal, urges a denial of Federal and State constitutional principles of due process and just compensation in the handling of his case and, alternatively, that the amount of damages should be increased to the figure asserted by his appraiser. We find absolutely no merit in the contention that claimant was denied due process or just compensation. This assertion is posited on the introduction by the State into evidence and acceptance by the court of an original written appraisal prepared following an inspection and valuation of claimant's property in 1963. While it is true that the State's appraiser did not sign this report, he did participate in preparing it. Thus, he was available for cross-examination with respect thereto (cf. *Currie* v. *State of New York* 34 A D 2d 1027) and his failure to sign would, at most, go to the weight to be given to the report and not its admissibility. The fact that claimant did not exercise his prerogative

to cross-examine the appraiser was not due to any error by the trial court but due to claimant's own failure to assert his right of cross-examination when the report was offered by the State. Rather than raise this issue at the trial, claimant merely · objected to its introduction as improper redirect and he is thus precluded from asserting new justification on this appeal (Richardson, Evidence [10th ed.], § 538) especially since, if he had raised such an objection, the trial court could easily have afforded him an opportunity for cross-examination since the witness was still on the stand. As to the award of damages, we find no reason to disturb the trial court's determination of this issue (*Billington* v. *State of New York*, 33 A D 2d 822). The award was clearly within the range of damages testified by the experts, and, while the after value found by the trial court was higher than that asserted by both litigants, the trial court adequately explained how it arrived at this figure (*Morris* v. *State of New York*, 40 A D 2d 904; *Deutsch* v. *State of New York*, 32 A D 2d 599, mot. for lv. to app. den. 25 N Y 2d 739). Nor can we agree that the trial court erred in utilizing its own observations of the property. Rather, it is clear that his observations were utilized not improperly as a substitute for testimony (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428; *Camp Bel-Aire* v. *State of New York*, 34 A D 2d 867), but rather properly " to understand and apply the testimony " (*Flynn* v. *State of New York*, 35 A D 2d 640). Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane and Reynolds, JJ., concur; Cooke, J., not taking part.