OPINION OF THE COURT
David B. Saxe, J.
The key question posed by the motions before the court, which appears to be one of first impression, is whether testimonial evidence properly — but unilaterally — obtained by the State Attorney-General’s office may serve as the basis for a summary judgment motion despite the CPLR’s requirement that a person against whom deposition testimony is used must have been afforded the opportunity to be present or represented at the deposition (CPLR 3117 [a] [3]). As discussed below, this court finds plaintiff may use such evidence as a shield but not as a sword {contrast, CPLR 3117 [a] [1], and 4514, with 3117 [a] [3]).
This is an action brought pursuant to the Martin Act (General Business Law art 23-A) with respect to two residential cooperatives, Maplewood Gardens Apartment Corporation (Maplewood) and Rockville Tudor Apartment Corporation (Rockville), in which many of the same individuals were involved. This litigation primarily involves Maplewood. Rock-ville was the subject of another action brought in this court (State of New York v Metz, index No. 404966/93).
*527 The Attorney-General’s office (the AG) conducted an investigation into the issuance, sale and negotiation of securities (shares) of Maplewood and Rockville. In the course of discharging its statutory duties pursuant to General Business Law §§ 352 and 354, the AG, on behalf of plaintiff, questioned under oath various individuals, some of whom are individual defendants in this action and some of whom are nonparties. As a result of its investigation and these examinations, the AG concluded that defendants, members of the Metz family and business entities associated with them, should be removed from the securities industry in New York and that Maplewood, Rock-ville and the families defrauded by defendants should be compensated.
To achieve this objective, plaintiff brought this action and the Rockville action. When plaintiff moved for summary judgment, defendants Peterson Petroleum of New Hampshire, Inc. and Two Lincoln Advisory Services, Inc., sued herein as Two Lincoln Advisory Corporation (collectively, Lincoln or movants), moved to preclude plaintiff from relying in a summary judgment motion upon certain depositions and documents (collectively, the ex parte evidence) obtained by plaintiff pursuant to General Business Law §§ 352 and 354. Defendants Alicia H. Metz, Kathryn Metz and Lauren Metz Simon (collectively, the Metzes) cross-move for the same relief sought by Lincoln, and to preclude plaintiff from using any evidence sought in the Metzes’ outstanding discovery demands.
Contending that plaintiff is not acting in good faith, movants also seek the appointment of a Special Referee to help the parties negotiate the final stages of a settlement.
Plaintiff cross-movés for an order deeming movants’ application their answer to its summary judgment motion and imposing sanctions pursuant to CPLR 2214 and 22 NYCRR subpart 130-1. Plaintiff’s motion for summary judgment has been stayed pending decision of this motion.
The Martin Act was enacted in "an era of unprecedented industrialism [which] presented rare opportunities for the exploitation of nefarious schemes at the expense of an uninformed public” (People v Federated Radio Corp., 216 App Div 250, 251 [2d Dept 1926], affd 244 NY 33 [1926]) "to prevent all kinds of fraud in connection with the sale of securities and commodities and to defeat all unsubstantial and visionary schemes in relation thereto whereby the public is fraudulently exploited” (People v Federated Radio Corp., 244 NY 33, 38 [1926], citing Hall v Geiger-Jones Co., 242 US 539 [1917]). To *528 further this goal, the Act "provides (§ 352) for the investigation by the Attorney-General of the fraudulent practices therein enumerated in respect to the sale of bonds, stocks and other securities and commodities and authorizes him (§ 353) to bring suit to enjoin persons and corporations from engaging therein and (§ 353-a) to obtain the appointment of a receiver to take title to all property derived by defendants by means of such fraudulent practices and liquidate the same for the benefit of persons intervening in the action and establishing an interest in the property” (People v Federated Radio Corp., 244 NY 33, 37-38 [1926]).
The material which movants seek to strike, pages 689 through 2405 of the Appendix to the affidavit in support of plaintiffs summary judgment motion, comprises 17 excerpts from deposition transcripts (the transcripts) and various documents (the documentary evidence). Simply put, movants contend that since the ex parte evidence is inadmissible at trial it cannot serve as the basis for an affirmative grant of summary judgment in plaintiffs favor. The case of Matter of Weinberg (129 AD2d 126, rearg denied sub nom. Matter, of Beiny, 132 AD2d 190, lv dismissed 71 NY2d 994), on which Lincoln primarily relies, is not on point. In that case, the material sought to be suppressed had been clandestinely and improperly obtained, whereas here there is no question that plaintiff had the right to procure the ex parte evidence. Movants concede that the AG has the authority to obtain information ex parte in aid of its investigatory powers (General Business Law §§ 352, 354), but argue it cannot abuse that authority to the derogation of the CPLR.
The right of cross-examination goes beyond the CPLR; it is fundamental to our system of justice. Were this case to go to trial plaintiff would have to put its witnesses on the stand for defendants to cross-examine them under oath if they wish. When deposition transcripts are used in a motion for summary judgment, they are used as a substitute for the witness (see, Feldsberg v Nitschke, 49 NY2d 636, 644 [1980], rearg denied 50 NY2d 1059 [1980]), which is why the CPLR provides that depositions must be conducted on notice so both parties can have the option of exercising their right to cross-examine witnesses (CPLR 3117 [a] [3]). If a party is afforded the option of cross-examining a witness but chooses to not exercise it, it cannot later object to use of the testimony (see, Berfond v Home Lines, 35 Misc 2d 348 [App Term, 1st Dept 1961]). However, to allow plaintiff to use as the basis of its summary judgment motion *529 testimony of witnesses whom defendants have not been given the right to cross-examine would give plaintiff an advantage that it would not have at trial. This cannot be permitted.
Summary judgment is a procedural device to accelerate judgment by eliminating the trial stage when the only issues to be resolved are questions of law, and it is the functional equivalent of a trial (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338 [1974]). Thus, at the very minimum the evidence presented to the court on a summary judgment motion has to be evidence that would be admissible at trial (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). While the court may apply a lesser standard to a party opposing summary judgment by raising a question of fact, the proponent of the motion must be held to trial standards (Raybin v Raybin, 15 AD2d 679 [2d Dept 1962]).
Plaintiff argues that the General Business Law provides it with an alternative method of obtaining testimony and since the ex parte evidence was properly obtained through a method as valid as that specified by the CPLR it has the right to use it. This argument is persuasive only to the extent that the ex parte evidence cannot be cursorily suppressed pursuant to CPLR 3103 (c) as improperly obtained evidence. When it comes to discovery in civil actions pending in this court, the State is to be treated like any other party {see, CPLR 3102 [f]). The fact that it had the right to obtain the ex parte evidence does not mean that it has carte blanche to disregard the CPLR.
Plaintiffs argument that the transcripts of examinations of nonparties should be treated as though they were affidavits is not persuasive either. Plaintiff does not possess freely given sworn statements; what it possesses are records of interrogations of witnesses who appeared under compulsion from the court (General Business Law § 354) or the subpoena power (General Business Law § 352) of the Attorney-General, the State official charged with law enforcement and criminal prosecutions.
General Business Law § 357 specifically provides that the provisions of the CPLR shall apply to all actions brought under the Martin Act unless otherwise provided therein, and there is nothing in the Martin Act providing that the material obtained pursuant to General Business Law §§ 352 and 354 may be used as the basis of a summary judgment motion or even as trial evidence in lieu of CPLR-prescribed depositions. The only applicable exception to the CPLR is contained in General Business Law § 354, which requires Justices of this court to grant orders *530 sought by the AG compelling named individuals to appear for examination and/or produce documents irrespective of the CPLR’s provisions concerning preaction discovery. That exception does not state that once the AG has obtained the material it may use it at trial as evidence to prove its case-in-chief.
The question of whether deposition testimony properly obtained by plaintiff before commencement of the action can be affirmatively used at trial without the defendants having had the opportunity to cross-examine the deponent has come up before in other contexts, and the courts have squarely ruled that it cannot (see, e.g., Allen v Allen, 225 App Div 873 [2d Dept 1929]; Bigelow v Acands, Inc., 196 AD2d 436, 439 [1st Dept 1993]; Matter of Eighth Judicial Dist. Asbestos Litig., 190 AD2d 1008 [4th Dept 1993]). Exceptions have been made when the deponent was cross-examined by a different party united in interest with defendants (see, Siegel v Waldbaum, 59 AD2d 555 [2d Dept 1977]; CPLR 3117 [c]) and when the defendant was represented by codefendant’s counsel rather than his own at the deposition (see, Messinger v Yap, 203 AD2d 870, 872-873 [3d Dept 1994]).
The same rationale, however, does not apply to the documentary evidence. A document stands on its own; no right of cross-examination is involved. When a document is offered in support of a motion for summary judgment, the opponent of the motion, if need be, may seek discrete discovery on the issues raised by that document if it has not yet taken place (CPLR 3212 [f]). A document that would be otherwise inadmissible may be used at trial provided the appropriate witness is available for cross-examination (see, Feller v State of New York, 46 AD2d 818 [3d Dept 1974]). Thus, plaintiff may use the documentary evidence, subject to a claim of privilege, if any (Matter of Weinberg, supra, 129 AD2d, at 133-134).
The court believes that the best way to achieve the speedy resolution of this litigation desired by plaintiff is to obtain the services of a Judicial Hearing Officer to assist the parties in either mediating their differences or formulating a discovery plan and completing an 8-A order, which shall then be presented to the court to be so ordered. Plaintiff would then have the option of proceeding with discovery or moving for summary judgment without relying on the transcripts.
The Metzes’ request to preclude plaintiff’s use of evidence based on its failure to comply with discovery demands, to the extent that it has not been rendered moot by the foregoing, is premature. Plaintiff’s summary judgment motion, even though *531 it has been stayed, suspended the discovery process by operation of law (CPLR 3214 [b]). Any noncompliance problems remaining shall be submitted to the Judical Hearing Officer if the action is not settled.
Accordingly, Lincoln’s motion and the Metzes’ cross motion are granted to the extent set forth above. Plaintiff’s cross motion is denied in its entirety.
Provision shall be made by the court for the appointment of a Judical Hearing Officer to mediate the settlement and/or supervise discovery.