OPINION OF THE COURT
Bernard J. Malone, Jr., J.
In this premises liability case, third-party defendant’s motion for summary judgment raises an issue of apparent first *841 impression: Does CPLR 3117 (a) prevent a party from proactively using its own deposition transcript as evidence-in-chief on its own motion for summary judgment in the absence of an affidavit by that party?[1] This court’s review of similar cases and the facts of this case leads to the conclusion that it does not.
This case concerns an alleged slip and fall down a staircase by one plaintiff on premises owned by defendant and third-party plaintiff Bridgeville Realty Corp. (hereinafter Bridgeville) and leased to third-party defendant Partnership for Economic Development in Sullivan County, Inc. (hereinafter PEDSCI). Plaintiff allegedly slipped down a staircase which was being given a nonslip surface by a floor-covering company hired by Bridgeville.
The lease between Bridgeville and PEDSCI includes a hold harmless/indemnification provision in favor of Bridgeville. After being sued by plaintiff, Bridgeville commenced a third-party action against PEDSCI seeking indemnification of any judgment imposed on it by plaintiff.
In the opposing third-party defendant’s motion seeking summary judgment and dismissing the complaint, counsel for third-party plaintiff argues that CPLR 3117 bars PEDSCI from affirmatively relying on the deposition transcript of its own agent, Steven Drybosh, as support for its motion for summary judgment. CPLR 3117 (a) states, in relevant part:
“(a) Impeachment of witnesses; parties; unavailable witness. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any of the following provisions:
“1. any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness;
“2. the deposition testimony of a party or of any person who was a party when the testimony was given or of any person who at the time the testimony was given was an officer, director, member, employee or managing or authorized agent of a party, may be used for any purpose by any party who was *842 adversely interested when the deposition testimony was given or who is adversely interested when the deposition testimony is offered in evidence;
“3. the deposition of any person may be used by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had the notice required under these rules, provided the court finds:
“(i) that the witness is dead; or
“(ii) that the witness is at a greater distance than one hundred miles from the place of trial or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or
“(iii) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or
“(iv) that the party offering the deposition has been unable to procure the attendance of the witness by diligent efforts; or
“(v) upon motion or notice, that such exceptional circumstances exist as to make its use desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court[.]” (Emphasis supplied.)
An examination of the rule indicates that the deposition may be used to impeach a witness (see, CPLR 3117 [a] [1]). It may also be used for any purpose by an adverse party, for example, by defendant Bridgeville (see, CPLR 3117 [a] [2]). However, of the various uses of a deposition described by CPLR 3117, no mention or provision is made for the affirmative use of a deposition transcript by the deponent, on the hearing of a motion, in the absence of one of the five extraordinary scenarios listed therein (see, CPLR 3117 [a] [3] [i]-[v]). Thus, upon a simple reading of CPLR 3117 (a), the affirmative use of Drybosh’s deposition by his principal, PEDSCI, is not allowed on the hearing of a motion. However, the analysis cannot end here. This apparently clear language is troubling in light of the broad language of CPLR 3212 (b) which allows a motion for summary judgment to be supported “by other available proof, such as depositions and written admissions”.
The Appellate Division, First Department, recently addressed a similar issue in State of New York v Metz (241 AD2d 192). In Metz, the Court addressed the question of whether a General Business Law Martin Act investigatory statement procured by the Attorney-General could be used as evidence-in-chief on a motion for summary judgment. In finding that the *843 Martin Act statements could be used on a motion for summary judgment, pursuant to CPLR 3212, the Court addressed CPLR 3117 and found that its application to a summary judgment motion was superseded by CPLR 3212 (b) (see, State of New York v Metz, supra, at 198). The Court reached this conclusion by holding that the Martin Act statements fit into the category of “other available proof’ and could therefore be considered by the Court as supporting proof on the motion (see, State of New York v Metz, supra, at 199-200).[2]
This court finds the approach set forth by the Appellate Division to be an appropriate approach in the matter now before it. Although the Martin Act depositions accepted for use in Metz (supra) are not identical to the deposition of Drybosh herein, the primary difference — that Drybosh was subject to cross-examination whereas the Metz affiants were not — weighs in favor of liberal use here. This is particularly salient because PEDSCI could have chosen to support its motion with an affidavit by Drybosh. As stated in Metz, “ ‘testimony by deposition * * * is a higher order of proof than an affidavit. An affidavit, usually prepared by a lawyer, and signed by the affiant, is hardly the equivalent in value of a deposition by question and answer, especially when the questioning is done by the adverse attorney ” (State of New York v Metz, supra, at 200, quoting Di Sabato v Soffes, 9 AD2d 297, 307 [Breitel, J., dissenting]). Moreover, where strict application of a rule of evidence to a motion for summary judgment might interfere with the outcome of the motion, the rule should be cautiously applied (see, State of New York v Metz, supra, at 201, citing Exchange Leasing Corp. v Bundy, 29 AD2d 828). Accordingly, and with great deference to the Metz rationale and decision, this court finds that deposition testimony and an affidavit may be used affirmatively by a movant on its own motion for summary judgment.
Having affirmatively resolved the issue of whether offered proof can be considered herein, this court finds that summary judgment is, nevertheless, premature. Questions of fact remain as to which third party, Bridgeville or PEDSCI, had control over the staircase and which, if any, party was negligent in creating or maintaining a defective condition on those stairs. *844 Where a triable issue exists, the drastic remedy of summary judgment must be denied (see, Zuckerman v City of New York, 49 NY2d 557, 562; Andre v Pomeroy, 35 NY2d 361). Accordingly, third-party defendant’s motion for summary judgment dismissing the complaint is denied.

. An affidavit of movant’s attorney was filed in support of the motion. The papers filed in opposition to summary judgment do not claim that the moving attorney’s affidavit is not “by a person having knowledge of the facts” as required by CPLR 3212 (b). Therefore, this court need not and will not address that issue.

. Unlike Metz (supra), there is no issue here of whether both sides had notice of the taking of the deposition as required by CPLR 3117 (a) (3). Here, not only were both sides on notice, but both participated in the depositions (cf., State of New York v Metz, supra; see also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3117:3, at 569).