OPINION OF THE COURT
Lewis R. Friedman, J.
This case presents an issue which is presented nearly every day in the landlord-tenant motion parts, how much notice must be given for motions made during the course of summary proceedings under RPAPL article 7. The answer is neither obvious nor provided by reported decisions.
Respondent moved for summary judgment and served his notice of motion on counsel at 1:00 p.m. on July 5; the motion was returnable the next morning. The petitioner contends that in the absence of an order to show cause the motion violates CPLR 2214 and, therefore, motion should be dismissed on jurisdictional grounds. Clearly if this were an ordinary action, petitioner would be correct and the motion would have to be dismissed (see, e.g., Thrasher v United States Liab. Ins. Co., 45 Misc 2d 681) or, alternatively, to be adjourned to give petitioner the proper time to respond. (See, e.g., Coonradt v Walco, 55 Misc 2d 557.)
Respondent, however, argues that a summary proceeding under the RPAPL is a special proceeding governed by CPLR article 4 and that CPLR 406 is applicable to his motion. The rule provides: “Motions in a special proceeding, made before the time at which the petition is noticed to *755 be heard, shall be noticed to be heard at that time.” Thus, respondent argues that any motion in a summary proceeding under the RPAPL can be made on little or, indeed, no notice if it is made returnable at the same time as the petition. Despite the unfairness of the procedure on litigants opposing substantial motions in landlord-tenant proceedings, respondent correctly interprets the applicable law.
CPLR 406 was adopted specifically to reduce the time otherwise provided for motions in the CPLR. The Third Preliminary Report of the Advisory Committee on Practice and Procedure (NY Legis Doc, 1959, No. 17, p 159) explained: “This rule shortens the time for notice of prehearing motions, so that they may be heard at the hearing on the petition. Otherwise, the general motion practice rules apply to special proceedings.” The provision for short service is consistent with decisions under former law. (See, e.g., Matter of Rockwell v Morris, 12 AD2d 272, 275, affd 10 NY2d 721 [oral motion permitted].)
These results are logical extensions of the legislative concept that special proceedings can be determined as though they were themselves motions rather than as plenary actions. That is, CPLR article 4 does not envision any interlocutory motion practice during a special proceeding except for motions to dismiss on points of law. (See CPLR 404; cf. CPLR 7804, subd [f].) Unknown to article 4 is the plethora of motions which appear to be standard in New York County landlord and tenant proceedings — motions to strike jury demands and counterclaims, motions for summary judgment, motions to dismiss, under CPLR 3211, motions to stay and consolidate with Supreme Court actions, motions for discovery or to strike notices to admit and the like. (See Siegel, NY Prac, § 577.) Indeed, the drafters contemplated the summary judgment motions would be unavailable. (Third Preliminary Report of the Advisory Committee on Practice and Procedure, p 159.)
The courts and others have often commented that RPAPL summary proceedings have become so protracted that the title “summary” is no longer applicable. Motion practice is surely one reason. The delays would be longer still if 8 days, or 13 if mail service is used, were to be *756 insisted upon for motions. The entire time frame set up by the drafters of RPAPL article 7 would be disrupted if that time were allowed. On the other hand, if a party serves motions with little or no notice as permitted by CPLR 406, it is only fair and reasonable for the court to provide an adequate adjournment to allow for a response to those motions which cannot be disposed of summarily on their return date. The ad hoc adjournment procedure appears to be the only option available to the court. Yet, that option will, as a practical matter, result in landlord-requested adjournments. Thus interfering with the legislative policy announced in RPAPL 745 (subd 2) (as added by L 1983, ch 403, § 40, eff Aug. 1, 1983) which requires use and occupancy payments after the second tenant-requested adjournment. The question of motion practice in “summary” proceedings should be specifically addressed by the Legislature. Until then, the court is bound to allow motions that comply with CPLR 406.
Petitioner has been given leave to answer the motion on the merits without waiving the jurisdictional objections to it. (Cf. Todd v Gull Contr. Co., 22 AD2d 904.) On the merits the motion must be denied.
Respondents assert that the dismissal of a prior nonpayment proceeding which sought part of the rent claimed here is a bar to the current proceeding. Clearly the prior dismissal, for failure of the petitioner to appear, was not on the merits. (See CPLR 5013.) No preclusive effect follows as a result of that action. Respondents’ claim that the proceeding was delayed too long is also without merit. (See Greenburger v Leary, 119 Misc 2d 358; 269 Assoc. v Yerkes, 113 Misc 2d 450.)
Motion for summary judgment is denied.