OPINION OF THE COURT
Carl O. Callender, J.
Motion for voluntary discontinuance granted on condition that petitioner pay $150 to respondents within 10 days of receipt of this order.
The attorney for the petitioner moves pursuant to CPLR 3217 for permission to discontinue the instant proceeding without prejudice. The petition was first noticed to be heard *561 on March 28, 1990 in Part 18, and in Part 18c on April 11, 1990. The last trial date was August 14, 1990. The petitioner’s attorney sought to serve the respondents’ attorney on August 10, 1990, but he rejected the papers because he believed the service of the papers was much too close to the hearing date set forth in the notice of motion of August 14,1990. There are presently two issues before the court: (1) Was the attempted service of the notice of motion on August 10th defective because it was too close to the hearing date of August 14th? (2) Under what terms and conditions should the requested motion to discontinue the proceeding be granted, if at all?
I. the court’s determination:
1. The motion papers were timely served in full compliance with the strictures of CPLR 406.
The respondents’ attorney makes much of the fact that CPLR 404 and 405 make reference to noticing and renoticing the petition, while CPLR 406 makes no reference to a renoticing of the petition.
After reviewing CPLR 404 through 406, reading the commentaries and the legislative reports, this court is convinced that CPLR 406 permits service shorter than the normal CPLR requirements when a summary proceeding pursuant to RPAPL article 7 is involved. The petitioner cites the case of Goldman v McCord (120 Misc 2d 754 [Civ Ct, NY County 1983]) for the proposition that pursuant to CPLR 406, any motion in a special proceeding may be made on little or no notice as long as it is made returnable when the petition is scheduled to be heard.
The petitioner contends that the purpose of CPLR 406 was to shorten the time for notice of prehearing motions and his actions in this case of only providing four days’ notice was consistent with the rule in question. The Third Preliminary Report of the Advisory Committee on Practice and Procedure (1959 NY Legis Doc No. 17, at 159) sustains the petitioner’s contention. That report expounds: "This rule shortens the time for notice of pre-hearing motions, so that they may be heard at the hearing on the petition.” (Ibid.; see also, Matter of Rockwell v Morris, 12 AD2d 272, affd 10 NY2d 721 [an oral motion was permitted in this case].) It is clear that CPLR 406 was adopted to reduce the time otherwise provided for motions in the CPLR.
The respondents assert that because the instant proceeding *562 was first noticed to be heard in Part 18c on April 11, 1990, any subsequent adjournment of the hearing dates constituted a renoticing of the petition to be heard. The respondents argue that because CPLR 406 (unlike CPLR 404 and 405) makes no reference to renoticing the petition, the short notice provision of CPLR 406 is not applicable to the instant case which has been frequently renoticed.
It seems clear to the court after reading the commentaries and the legislative reports that the respondents’ interpretation of "renoticing” is not what the Legislature meant when it used the term "re-noticed to be heard.” (CPLR 404 [b]; 405 [c].) This court concludes that CPLR 404 and 405 when it used the phrase "re-noticed to be heard” was referring to a case where a motion had been decided and the responsive pleadings had already been served. The reason renoticing of the petition was mentioned, was that ordinarily the serving of the responsive pleading triggers or is the final catalyst for the hearing date for the petition.
However, when a motion has been brought, the automatically activated time schedules no longer operate. Accordingly, if the motion to dismiss is denied, provision would have to be made for renoticing the petition for a hearing. In certain situations (corrections of defects in papers [see, CPLR 405]) either party may renotice the matter for a hearing. In other circumstances, only the petitioner may renotice the matter (objections in point of law [see, CPLR 404 (a)]). In any event, the matter of renoticing the petition to be heard applies to occasions where a motion has recently been decided, and does not pertain to adjourned hearing dates as the respondents’ attorney contends. (See also, Sixth Report to the Legis by Senate Fin Comm relative to Rev of the CPA, 1962 NY Legis Doc No. 8, at 129.) Even though the matter was repeatedly adjourned, the notice of motion in question was properly and timely noticed to be heard at the time the petition was scheduled to be heard in full accord with the requirements of CPLR 406.
2. The petitioner’s motion to discontinue.
The petitioner moves to voluntarily discontinue the proceeding pursuant to CPLR 3217. Since the petitioner failed to serve a notice of discontinuance prior to the service of the responsive pleading, or to file with the clerk of the court a stipulation signed by the attorneys of record prior to the case being submitted to the court, a discontinuance is only permis *563 sible by court order. (See, CPLR 3217 [b].) The petitioner therefore seeks a court order of discontinuance "upon terms and conditions, as the court deems proper.” (CPLR 3217 [b].) According to the prevailing cases, the courts may permit discontinuances to be granted on such terms as are deemed appropriate, including not only statutory costs and disbursements, but also any expenses incurred by the other side in preparation for trial including legal fees. (See, De Laurentis v Bercowitz, 27 AD2d 869 [1967]; Aldrich v Morningside Hgts. Hous. Corp., 2 Misc 2d 60 [1956].)
In the instant case, the respondents have been subjected to the expense and trouble of defending the instant proceeding. The respondents have submitted an answer and have already argued against a previous motion of discontinuance brought by the petitioner which was then withdrawn. However, that the respondents underwent the expense and difficulty of defending in the present action constitutes no basis for denying the petitioner the privilege of discontinuing the action. Those circumstances would however comprise the factors to consider in determining the costs awarded as a part of the terms and conditions imposed in the order of discontinuance. (See, Valladares v Valladares, 80 AD2d 244 [1981].) In the instant case, the respondents’ attorney submitted an answer on April 16, 1990. He has appeared in court on his clients’ behalf in this matter at least four times, including the argument on the instant motion, and the argument on the petitioner’s prevous motion for discontinuance.
Accordingly, the petitioner’s motion for voluntary discontinuance is granted provided that the petitioner pays to the respondents $150 for costs, disbursements and expenses incurred by the respondents in preparation for trial including legal fees.
II. COURT ORDER
Therefore, the petitioner’s motion is granted on condition that the petitioner pay to the respondents $150 within 10 days from receipt of this decision and order.
Accordingly, the instant proceeding is discontinued, and the petitioner is ordered to pay the respondents $150, otherwise the motion is denied in all respects and the parties are ordered to appear for trial of this matter on September 10, 1990.