*105 OPINION OF THE COURT
Irving Rosen, J.
This is an action by the plaintiff to recover monies from the defendants for goods sold and delivered in the nature of fuel oil delivered to the premises known as 202 East 13th Street, New York, New York. The individual defendants, Steve Croman and Harriet Croman (hereinafter the Cromans), now move to dismiss this action against them pursuant to CPLR 3211 (a) (7) and Limited Liability Company Law § 609. The Limited Liability Company defendant, 99-105 3rd Avenue Realty LLC, also known as 99-105 Third Avenue Realty LLC (hereinafter the LLC), moves to dismiss this action against it pursuant to CPLR 3211 (a) (8) on the grounds that the court lacks personal jurisdiction over it.
Jurisdiction Over the LLC
The applicable statute pertaining to commencement of an action against a limited liability company is CPLR 311-a[1] which provides as follows:
“§ 311-a. Personal service on limited liability companies
“(a) Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member[2] of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager[3] of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the *106 manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.
“(b) If service is impracticable under subdivision (a) of this section, it may be made in such manner as the court, upon motion without notice directs.”
The process server’s affidavit refers to the LLC as a corporation and recites that a copy of the summons and verified complaint was served upon the LLC by delivering a true copy thereof to “Jane Smith” whom the process server describes as the managing agent thereof.
The Cromans claim to be members of the LLC. As such they assert that the LLC “never authorized or designated any agent or person to receive service, and certainly never authorized or designated “Jane Smith” — who, on information and belief, is a receptionist for the floor containing several businesses unrelated to the defendants herein to accept service.” They further state that “the ‘Jane Smith’ referenced in the affidavits of service is not my ‘coworker’ or colleague.” Consequently, they assert that delivery of process to “Jane Smith” was ineffective to confer jurisdiction over the LLC.
In opposition to this branch of defendant’s motion plaintiff’s counsel contends that the “Jane Smith” served could be a member or a manager of the LLC. While the affidavits of the Cromans do not specifically state that “Jane Smith” is not a member or manager of the LLC as defined in the Limited Liability Company Law, said affidavits contain sufficient information and statements to infer that “Jane Smith” is not a member or manager of the LLC. Furthermore, unlike other sections of the CPLR (i.e., section 310, personal service upon a partnership [permitting service upon a person in charge of the office of the partnership]; section 311, personal service upon a corporation [permitting service upon a managing agent]), CPLR 311-a, which pertains to personal service on limited liability companies, does not authorize personal service upon an alleged “managing agent” thereof. Consequently, the court concludes that the LLC was not properly served and the complaint against the LLC is dismissed without costs or disbursements.
The Claim Against the Cromans
As previously stated this is an action by the plaintiff to recover monies from the defendants for goods sold and *107 deliyered in the nature of fuel oil delivered to the premises known as 202 East 13th Street, New York, New York. The Cromans maintain that the building in question is owned by the LLC and not by them; that to the extent there were any contracts with plaintiff, said contracts were with the LLC; that they did not sign any contracts in an individual capacity nor sign any contracts or instruments personally guaranteeing any debts of the LLC with the plaintiff; and that pursuant to section 609 (a) of the Limited Liability Company Law they have no liability and consequently the complaint fails to state a cause of action against them. The Cromans assert that Limited Liability Company Law § 609 (a) which provides, in pertinent part, as follows:
“§ 609. Liability of members, managers and agents “(a) Neither a member of a limited liability company, a manager of a limited liability company managed by a manager or managers nor an agent of a limited liability company (including a person having more than one such capacity) is liable for any debts, obligations or liabilities of the limited liability company or each other, whether arising in tort, contract or otherwise, solely by reason of being such member, manager or agent or acting (or omitting to act) in such capacities or participating (as an employee, consultant, contractor or otherwise) in conduct of the business of the limited liability company,”
prohibits the maintenance of plaintiff’s claim against them.
The Cromans fail to take into consideration subdivision (b) of section 609 of the Limited Liability Company Law which states, in relevant part, that:
“(b) Notwithstanding the provisions of subdivision (a) of this section, all or specified members of a limited liability company may be liable in their capacity as members for all or specified debts, obligations or liabilities of a limited liability company if (1) a statement to such effect is specifically contained in the articles of organization of the limited liability company and (2) any such member so liable have (i) specifically consented in writing (A) to the adoption of such provisions or (B) to be bound by such provision or (ii) specifically voted for the adoption of such provision. The absence of either such statement in the articles of organization *108 or such consent or vote of any such member shall in no way affect or impair the ability of a member to act as a guarantor or a surety for, provide collateral for or otherwise be liable for, the debts, obligations or liabilities of a limited liability company as authorized pursuant to section six hundred eleven of this article.”
Furthermore, pursuant to section 209 of the Limited Liability Company Law an entity seeking to operate as a limited liability company must file a signed articles of organization with the Department of State. “The articles of organization require * * * (v) whether any member will be personally liable for obligations of the LLC, and (vi) any exception to the limited liability of members.” (Rich, Practice Commentaries 3 [G], McKinney’s Cons Laws of NY, Book 32A, Limited Liability Company Law, at 9; Limited Liability Company Law § 203 [e] [6].) Since the Cromans have failed to provide a certified copy of the articles of organization of the LLC as filed with the Department of State so that the court could determine whether the members thereof will be personally liable for the obligations of the LLC, together with any information pertaining to their consent to personal liability either by filing a consent or voting for the adoption of such a provision, their motion to dismiss is denied at this time.
Plaintiffs counsel asserts that on August 22, 2000 Harriet Croman executed a new account information form which obligates her personally. Said document is not in admissible form and therefore cannot be considered by the court. However, assuming, arguendo, that said document were admissible, a review of same by the court reveals that Harriet Croman signed said form in a representative capacity and same would not serve as a basis for her being liable personally.

. Former section 303 of the Limited Liability Company Law.

. As defined in section 102 (q) of the Limited Liability Company Law, “ ‘Member’ means a person who has been admitted as a member of a limited liability company in accordance with the terms and provisions of this chapter and the operating agreement and has a membership interest in a limited liability company with the rights, obligations, preferences and limitations specified under this chapter and the operating agreement.”

. As defined in section 102 (p) of the Limited Liability Company Law, “ ‘Manager’ means, subject to section four hundred one of this chapter, a person designated by the members to manage the limited liability company as provided in the operating agreement.”