■ N. Herbert W. Graham, Respondent, v City of New York, Appellant. [770 NYS2d 92]—

In an action to recover damages for personal injuries, the defendant appeals, by permission, from an order of the Supreme Court, Appellate Term, Second and Eleventh Judicial Districts, dated January 16, 2002, which affirmed a judgment of the Civil Court, Kings County (Prus, J., at liability trial; Guzman, J., at damages trial), entered February 8, 2000, which, upon a jury verdict in favor of the plaintiff on the issue of liability and a separate jury verdict awarding the plaintiff damages in the principal sum of $321,000, inter alia, is in favor of the plaintiff and against it.

Ordered that the order is affirmed, with costs.

On September 11, 1985, the plaintiff was involved in a minor automobile accident in which he rear-ended a vehicle driven by an off-duty New York City Police Officer. At the liability trial, the officer testified that he approached the plaintiff to ascertain insurance information. An altercation ensued when the plaintiff admitted that he did not have his license, registration or insurance card with him. According to the officer, the plaintiff swung at and hit the officer, who then identified himself as a police officer, placed the plaintiff under arrest for assault, and asked a bystander to call 911 and ask for backup police officers. The officer testified that he detained the plaintiff for 20 to 30 minutes in "horrendous" traffic waiting for backup officers to arrive.

The plaintiff testified that, during the course of the incident, the officer knocked him to the ground, "hammered" him down with his knees, and punched him in the face.

After the trial on liability, the jury found that the officer was acting within the scope of his employment as a New York City Police Officer and used excessive force, warranting a verdict in favor of the plaintiff against the City of New York. The Appellate Term, Second and Eleventh Judicial Districts, affirmed a judgment in favor of the plaintiff and against the City of New York based upon the jury's verdict (see Graham v City of New York, 2002 NY Slip Op 40048[U] [App Term, Jan. 16, 2002]). We affirm.

Since the determination of whether a particular act was within the scope of employment is so heavily dependent on factual considerations, the question is ordinarily one for the

trier of fact (*see Frazier v State of New York*, 64 NY2d 802, 803 [1985]). In this case, the evidence, viewed most favorably to the plaintiff (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Singer v Long Is. Light. Co.*, 211 AD2d 779, 780 [1995]), was legally sufficient to support the jury's conclusion, after the trial on liability, that the officer was acting within the scope of his employment (*see Morgan v New York City Hous. Auth.*, 255 AD2d 565 [1998]; *Figueroa v New York City Hous. Auth.*, 232 AD2d 293, 294 [1996]). Further, the verdict in favor of the plaintiff was supported by a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]).

The appellant's remaining contentions either are unpreserved for appellate review or without merit. Altman, J.P., S. Miller, Goldstein and Crane, JJ., concur.[*See* 2002 NY Slip Op 40048(U).]