■ Lawrence Piquette et al., Respondents, v City of New York et al., Appellants, et al., Defendants. [771 NYS2d 365]—

In a consolidated action, inter alia, to recover damages for assault, the defendants City of New York and New York City Transit Authority, sued herein as New York City Transit Police Department, appeal from a judgment of the Supreme Court, Kings County (Held, J.), dated December 3, 2002, which, upon a jury verdict and upon an order of the same court dated November 26, 2002, denying, on the ground of insufficient notice, their motion pursuant to CPLR 4404 to set aside the verdict on the ground that the plaintiffs failed to establish a prima facie case, is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with costs.

Although the municipal defendants' motion to set aside the jury verdict was made on insufficient notice (*see* CPLR 2214 [b]), the plaintiffs were not prejudiced by this procedural irregularity, and waived their objection to it by opposing the motion on the merits (*see Henry v Gutenplan*, 197 AD2d 608 [1993]; *Adler v Gordon*, 243 AD2d 365 [1997]; *Matter of Venner*, 235 AD2d 805 [1997]; *Todd v Gull Contr. Co.*, 22 AD2d 904 [1964]). Accordingly, the Supreme Court erred in refusing to determine the motion on its merits.

However, we reject the municipal defendants' contention that the plaintiffs failed to establish a prima facie case because the police officers involved in the assault were acting beyond the scope of their employment. It is well settled that for a court to conclude that a jury verdict is unsupported "by sufficient evidence as a matter of law, there must be 'no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Nicastro v Park*, 113 AD2d 129, 132 [1985], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Since the determination of whether an employee's actions fall within the scope of employment depends heavily on the facts and circumstances of the particular case, the question is ordinarily for the jury (*see Riviello v Waldron*, 47 NY2d 297, 302-303 [1979]; *Graham v City of New York*, 2 AD3d 678 [2003]; *Corson v City of New York*, 290 AD2d 408 [2002]). Contrary to the municipal defendants' contention, the

evidence presented at trial was sufficient to permit the jury to rationally infer that the three police officers involved in the assault were acting in their official capacity on a police matter when they assaulted the injured plaintiffs (*see Graham v City of New York, supra; Corson v City of New York, supra; Morgan v New York City Hous. Auth.,* 255 AD2d 565 [1998]; *Figueroa v New York City Hous. Auth.,* 232 AD2d 293 [1996]). In this regard, we note that since none of the officers testified at trial, the jury was allowed to a draw "the strongest inference that the opposing evidence permits" against the municipal defendants on the issue of whether the officers were on duty at the time of the incident (*see Coliseum Towers Assoc. v County of Nassau,* 2 AD3d 562 [2003]; *Small v Human Resources Admin.,* 299 AD2d 238 [2002]; *Matter of Joseph C.,* 297 AD2d 673 [2002]).

We decline to address the plaintiffs' request for certain affirmative relief since, as a general rule, relief on appeal may not be afforded to a nonappealing party (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 151 [2002]; *Colonial Coop. Ins. Co. v Desert Storm Constr. Corp.,* 305 AD2d 363 [2003]).

The municipal defendants' remaining contentions are without merit. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.