OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioner 126 Spruce Street, LLC has commenced this nonpayment proceeding to recover the sum of $692,158.45 from respondent Club Central, LLC concerning the rental of the property located at 126 Spruce Street, Cedarhurst, New York.
Various motions have been made by the parties. Respondent moves to dismiss the petition pursuant to CPLR 3211 (a) (1), (7). Respondent claims that service of the notice of petition and petition were served on or before January 3, 2007. Therefore, this proceeding, which was held on January 16, 2007, violated RPAPL 733 (1) which requires that service be made between 5 and 12 days before the return date of the summary proceeding.
Petitioner cross-moves for sanctions against respondent claiming that the motion to dismiss violated CPLR 2214, which requires that it be served at least eight days prior to the return date. The notice of motion was served on January 15, 2007, which is one day before the return date of the nonpayment proceeding.
Additionally, petitioner seeks sanctions because the affidavits of service submitted in this case “presumptively establish[ ] service was properly made on January 4, 2007, 12 days prior to the return date of January 16, 2007.” Therefore, petitioner claims that the allegation of improper service is without merit and subjects the respondent to sanctions.
Respondent filed a paper titled cross motion. Said opposition also requested an award of legal fees, costs and sanctions for petitioner’s alleged frivolous conduct. Respondent states that the notice of motion was timely made pursuant to CPLR 406 which allows a motion to be “made on little or no notice [as] it is made returnable at [the] same time as petition” (citing Goldman v McCord, 120 Misc 2d 754 [1983], and 50 E. 191st St. Assoc. v Gomez, 148 Misc 2d 560 [1990]).
Respondent attacks the affidavit of service of Kevin Miller who allegedly served respondent by delivering the papers to Cara Roberts on January 4, 2007 at 3:55 p.m. at 33 Arnold Court, East Rockaway, New York, and who is “managing agent of the corporation and authorized to accept service.” Respondent *540 points out that the affidavit of service was filed with the court on January 4, 2007, at 3:26 p.m., and yet the affidavit of service shows that service was effected at 3:55 p.m. on January 4, 2007. The court notes that this scenario is impossible.
Respondent further attacks the service because service was not made at the premises sought to be recovered; service was made at 33 Arnold Court, East Rockaway, and not at the leased premises of 126 Spruce Street, Cedarhurst.
Service is also attacked because service on Cara Roberts as a managing agent is not authorized by CPLR 311-a and respondent cites Stuyvesant Fuel Serv. Corp. v 99-105 3rd Ave. Realty (192 Misc 2d 104) for support of this argument.
This court disagrees with respondent that service must be made at the premises sought to be recovered. In Daniel Finkelstein and Lucas A. Ferrara, Landlord and Tenant Practice in New York § 14:146 (at 14-87 n 1 [West’s NY Prac Series, vol F]), the following is written:
“Methods of service — Personal service — Where personal service may be made
“Generally, personal delivery of the Notice of Petition and Petition may be made wherever the respondent, or an authorized representative, may be found.”
“Rodney Company N.V., Inc. v Riverbank America, N.Y.L.J., 10/7/97, p. 26, col. 5 (Civ. Ct., N.Y. County) (‘It is immaterial that [personal] delivery occurred ... [at a location] other than the premises sought to be recovered. RPAPL § 735 does not require that personal delivery . . . occur in a specific place . . . .’).” (Id. at n 1.)
3 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings, states that personal service is accomplished by personally delivering the notice of petition and petition to the respondent (see § 42:5, at 81 [3d ed] [“Personal Service,” wherein Judge Dolan writes: “Under the Real Property Actions and Proceedings Law, service of the notice of petition and the petition may be made by personally delivering them to the respondent. This constitutes personal service. Although filing proof of service is required, personal service is complete immediately upon personal delivery to the respondent”]).
In G & L Building Corp. v Oceanside Karate, Inc. (NYLJ, Jan. 20, 1999, at 34, cols 5, 6 [Nassau Dist Ct]), the court stated that personal service upon a respondent can be made anywhere and there is no requirement that the papers be served at the property sought to be recovered:
*541 “Under RPAPL § 735, personal service is complete immediately upon personal delivery to the respondent, although proof of filing is required. 3 Rasch, New York Landlord and Tenant-Summary Proceedings Sec. 42:5, at 81 [3d ed]. Therefore, no additional mailing requirements are required pursuant to RPAPL § 735 (1) when service is accomplished via personal delivery.
“In addition, RPAPL § 735 (1) does not require personal delivery be made upon the respondent in any specific location. Rodney Company N.V, Inc. v Riverbank America, 10/7/97 N.Y.L.J. at 26 (Col. 5). Only substituted service and conspicuous service require the initial delivery to be made at the premises sought to be recovered. RPAPL § 735 (1).”
The court disagrees with respondent that service upon Cara Roberts is ineffective service to obtain jurisdiction over the limited liability company of Club Central, LLC. The affidavit of service states that Cara Roberts is the “Managing Agent of the Corporation and authorized to accept service.” CPLR 311-a states that service upon a limited liability company can be made upon:
“§ 311-a. Personal service on limited liability companies
“(a) Service of process on any domestic or foreign limited liability company shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.”
Service upon Cara Roberts fits into either clause (iii) or (iv) of the above-cited categories in CPLR 311-a and thus service upon the respondent Club Central, LLC is valid. The court notes that no affidavit by a person having knowledge of the facts has been submitted to refute the claim that Cara Roberts is the managing agent authorized to accept service.
*542 The case of Stuyvesant Fuel Serv. Corp. v 99-105 3rd Ave. Realty (192 Misc 2d 104) is distinguishable because the facts of that case demonstrate that service was made upon a. managing agent of the limited liability company and there was no showing that the person served was authorized to accept service. In the case at bar, the proof shows that service was made upon a person authorized to accept service which is allowable pursuant to CPLR 311-a.
The affidavit of service is questionable because it is impossible to have service made on January 4, 2007 at 3:55 p.m. and yet have the affidavit of service filed with the court on January 4, 2007 at 3:26 p.m. Therefore, this court sets this matter down for a hearing concerning the affidavit of service to be held in the landlord/tenant part on February 27, 2007, at 9:30 a.m., at which time the petitioner shall produce the process server for testimony on this matter.
The respondent’s motion was timely made one day before the date scheduled for the petition to be heard (see Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 14:378, at 14-193), which confirms the foregoing:
“All motions should be noticed to be heard on the trial date set forth in the Notice of Petition, or on any adjourned day thereof. If NY Real Property Actions and Proceedings Law § 732 applies, the motion should be served and filed within the same time as is allowed for the answer. The motion may be made on as little as a single day’s notice provided it is returnable at the same time as the Petition.”
All requests for sanctions are denied.