JANICE JONES, as Administratrix of the Estate of LESLIE JONES, JR., Deceased, et al., Respondents-Appellants, v LE-FRANCE LEASING LIMITED PARTNERSHIP, et al., Appellants-Respondents. [917 NYS2d 261]—

In an action to recover damages for personal injuries, etc., (1) the defendant Alliance Elevator Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated March 12, 2010, as granted that branch of its motion which was pursuant to CPLR 3126 to strike the complaint, or to unconditionally preclude the plaintiffs from introducing evidence concerning "all witnesses with regard to plaintiffs' claim of support (economic, monetary or otherwise) provided to any distributee," or to compel the plaintiffs to disclose the names and addresses of those witnesses, only to the extent of directing the plaintiffs to provide "a list of all family members who are witnesses," in effect, denied that branch of its separate motion which was pursuant to CPLR 3126 to unconditionally preclude the plaintiffs from introducing evidence concerning item numbers 7, 8, 9, 10, and 11 of their third supplemental bill of particulars and denied those branches of that separate motion which were pursuant to CPLR 3124 to compel the plaintiffs to respond to item number 2 of its discovery demand dated December 9, 2009, and to compel the defendants LeFrance Leasing Limited Partnership and Mid State Management Corporation to respond to its discovery demand dated October 20, 2009, and granted that branch of the plaintiffs' cross motion which was pursuant to CPLR 3124 to compel it to produce records for all elevators installed in buildings in LeFrak City involving accidents similar to the subject accident for two years prior to the subject accident and all rec-

ords for all elevators involving the installation of "kick stops" within a specified period of time, (2) the defendants LeFrance Leasing Limited Partnership and Mid State Management Corporation separately appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiffs' cross motion which was pursuant to CPLR 3124 to compel them to disclose the maintenance and repair records for the subject elevator for the two years preceding the subject accident, and (3) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was pursuant to CPLR 3124 to compel the defendants to provide the repair and maintenance records of all of the elevators in Lefrak City for two years prior to the subject accident.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Alliance Elevator Company which was pursuant to CPLR 3126 to strike the complaint, or to unconditionally preclude the plaintiffs from introducing evidence concerning "all witnesses with regard to plaintiffs' claim of support (economic, monetary or otherwise) provided to any distributee," or to compel the plaintiffs to disclose the names and addresses of those witnesses, only to the extent of directing the plaintiff to provide "a list of all family members who are witnesses," and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiffs to provide that defendant with the names and addresses of "all witnesses with regard to plaintiffs' claim of support (economic, monetary or otherwise) provided to any distributee," (2) by deleting the provision thereof denying that branch of the separate motion of the defendant Alliance Elevator Company which was pursuant to CPLR 3126 to unconditionally preclude the plaintiffs from introducing evidence concerning item numbers 8 and 9 of the plaintiffs' third supplemental bill of particulars, and substituting therefor a provision granting that branch of the motion to the extent of precluding the plaintiffs from introducing evidence concerning those items unless the plaintiffs serve a further bill of particulars with respect to those items, and (3) by deleting the provision thereof denying that branch of the separate motion of the defendant Alliance Elevator Company which was pursuant to CPLR 3124 to compel the defendants LeFrance Leasing Limited Partnership and Mid State Management Corporation to respond to its discovery demand dated October 20, 2009, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiffs shall provide the defendant Alliance Elevator Company with the names and addresses of "all witnesses with regard to plaintiffs' claim of support (economic, monetary or otherwise) provided to any distributee" and serve upon that defendant a further bill of particulars with respect to items 8 and 9 of their third supplemental bill of particulars, within 30 days after service upon them of a copy of this decision and order.

The purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial (*see Jones v LeFrance Leasing Ltd. Partnership*, 61 AD3d 824 [2009]). Here, the defendant Alliance Elevator Company (hereinafter Alliance) is entitled "to particulars identifying any statute, ordinance, law, rule, or regulation that it is alleged to have violated" (*Ramondi v Paramount Fee, LP*, 30 AD3d 396, 397 [2006]). Consequently, Alliance is entitled to further clarification of item numbers 8 and 9 of the plaintiffs' third supplemental bill of particulars. However, the remaining challenged items were sufficiently particularized.

In its notice for discovery and inspection dated August 12, 2008, Alliance demanded the "names and addresses of all witnesses with regard to plaintiffs' claim of support (economic, monetary or otherwise) provided to any distributee." The Supreme Court granted that branch of Alliance's motion which was to compel discovery of those witnesses, but only to the extent of directing the plaintiffs to provide "a list of all family members who are witnesses." Since the plaintiffs did not object to this demand, and the information is neither privileged nor palpably improper, Alliance is entitled to the names and addresses of those witnesses (*see During v City of New Rochelle, N.Y.*, 55 AD3d 533, 534 [2008]).

The time within which the plaintiffs were to comply with Alliance's discovery demand dated December 9, 2009, for item number 2 had not yet expired by the time it made its separate motion dated December 17, 2009. Accordingly, Alliance was not entitled to compel disclosure of that item (*see Cach, LLC v Juanico*, 29 Misc 3d 128[A], 2010 NY Slip Op 51769[U] [2010]).

LeFrance Leasing Limited Partnership (hereinafter LeFrance) and Mid State Management Corporation (hereinafter Mid State) did not object to Alliance's demand for discovery dated October 20, 2009. Since the information sought was neither privileged nor palpably improper, Alliance is entitled to disclosure of that information (*see During v City of New Rochelle, N.Y.*, 55 AD3d at 534).

Contrary to Alliance's contention, the Supreme Court

properly considered the plaintiffs' cross motion. Although the plaintiffs served their cross motion via media mail, as opposed to first class mail (*see* CPLR 2103), since Alliance opposed the cross motion on the merits, the defect in service was a mere irregularity that did not result in substantial prejudice to Alliance (*see* CPLR 2001; *Piquette v City of New York*, 4 AD3d 402, 403 [2004]; *see also Henry v Gutenplan*, 197 AD2d 608 [1993]). Further, the Supreme Court properly granted that branch of the plaintiffs' cross motion which was to compel Alliance to produce records for all elevators installed in buildings in LeFrak City involving accidents similar to the subject accident for two years prior to the subject accident and all records for all elevators involving the installation of "kick stops" within a specified period of time (*see Coan v Long Is. R.R.*, 246 AD2d 569 [1998]; *Rodriguez v Amigo*, 244 AD2d 323 [1997]; *Matos v City of New York*, 78 AD2d 834 [1980]). The Supreme Court also properly granted that branch of the plaintiffs' cross motion which was to compel LeFrance and Mid State to disclose the maintenance and repair records for the subject elevator for the two years preceding the subject accident (*see Hualde v Otis El. Co.*, 235 AD2d 269, 270 [1997]).

However, contrary to the plaintiffs' contention, the Supreme Court properly denied that branch of their cross motion which was to compel the defendants to provide the repair and maintenance records of all the elevators in LeFrak City for the two years preceding the accident, as that demand was overly broad (*see Cabrera v Allstate Indem. Co.*, 288 AD2d 415 [2001]). Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.