The plaintiffs decedent, Lawrence S. Lawrence (hereinafter the decedent) was a founding partner of the defendant law firm, Lawrence and Walsh, EC. (hereinafter the firm). In 2008, the decedent and the firm agreed that the firm would acquire the decedent’s interest in the firm and that he would continue his association with the firm as an employee, in an “of counsel” capacity. As a result, the decedent and the firm entered into two related agreements, the stock and related asset purchase agreement and the employment agreement.
Fursuant to the employment agreement, the firm agreed to employ the decedent for a term of four and one-half years, terminating on June 30, 2012. The employment agreement also provided that the decedent would receive, among other forms of compensation, an “Annual Fixed Salary” and an “Annual Ferformance Based Salary.” The employment agreement required the firm to pay the annual fixed salary regardless of the decedent’s death, disability, resignation, or termination for cause. In September 2010, the decedent suffered a stroke after *732 undergoing surgery, which left him unable to work. Thereafter, the firm allegedly failed to make several payments of his annual fixed salary. In early January 2011, the firm allegedly terminated the decedent’s employment in violation of the employment agreement.
In May 2011, the decedent commenced this action by serving a summons and complaint and a notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213 seeking payment of the annual fixed salary component of his compensation. By order dated September 22, 2011, the Supreme Court, inter alia, denied the motion for summary judgment in lieu of complaint on the ground that the employment agreement was not an instrument for the payment of money only. On a prior appeal, this Court affirmed so much of the order as denied the decedent’s motion for summary judgment in lieu of complaint (see Lawrence v Kennedy, 95 AD3d 955, 957-958 [2012]).
Thereafter, by order dated September 27, 2012, the Supreme Court, among other things, denied that branch of the decedent’s motion which was for summary judgment on the first cause of action, which sought payment of the annual fixed salary, granted the firm’s motion for leave to reargue that branch of its prior motion which was to compel the production of documents responsive to its first set of document requests and, upon reargument, granted that branch of the prior motion. After filing a notice of appeal, the decedent died, and this Court granted the application of his wife, Sherry A. Lawrence, as executor of the decedent’s estate, in effect, to be substituted for the decedent as the plaintiff, and amended the caption accordingly.
The decedent established his prima facie entitlement to judgment as a matter of law on the cause of action for payment of the annual fixed salary (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In this regard, the employment agreement and the affidavit submitted by the decedent in support of his motion demonstrated, prima facie, that the firm failed to make payments of the annual fixed salary in accordance with the terms of that agreement. Furthermore, the decedent established, prima facie, that the firm waived its right to repudiate the employment agreement on the grounds of fraudulent inducement and breach of contract, due to the firm’s acceptance of the benefits under the employment agreement and its failure to act promptly upon learning of the decedent’s alleged misconduct (see Sitar v Sitar, 61 AD3d 739, 742 [2009]; Barrier Sys. v A.F.C. Enters., 264 AD2d 432, 433 [1999]; Capstone Enters. of Port Chester v County of Westchester, 262 AD2d 343, 344 [1999]). Although the firm was aware of the decedent’s *733 alleged fraud and failures to perform his employment duties in 2008, the firm did not commence an action to rescind the employment agreement and continued to accept the benefits of the transaction, which included the acquisition of the decedent’s 50% ownership interest in the firm.
In opposition to the decedent’s prima facie showing, the firm failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In this regard, the firm did not submit any evidence that it made the payments of the annual fixed salary in accordance with the terms of the employment agreement. Moreover, the firm failed to raise a triable issue of fact as to whether it promptly sought rescission of the employment agreement (see New York Tel. Co. v Jamestown Tel. Corp., 282 NY 365, 372-373 [1940]; Adrian Family Partners I, L.P. v ExxonMobil Corp., 61 AD3d 901, 903 [2009]). The firm’s remaining contentions in opposition to summary judgment are without merit. Accordingly, the Supreme Court should have granted that branch of the decedent’s motion which was for summary judgment on the first cause of action, which sought payment of the annual fixed salary.
Contrary to the plaintiff’s contentions, the Supreme Court properly considered the firm’s motion for leave to reargue that branch of its prior motion which was to compel the production of certain documents despite certain procedural irregularities, as those irregularities did not prejudice the decedent (see CPLR 2001; Jones v LeFrance Leasing L.P., 81 AD3d 900, 903 [2011]; Piquette v City of New York, 4 AD3d 402, 403 [2004]). Further, the Supreme Court providently exercised its discretion in granting leave to reargue (see CPLR 2221 [d] [2]; Singleton v Lenox Hill Hosp., 61 AD3d 956, 957 [2009]; Marini v Lombardo, 17 AD3d 545, 546 [2005]; Carrillo v PM Realty Group, 16 AD3d 611, 611 [2005]).
Upon reargument, however, the Supreme Court should have denied that branch of the firm’s motion which was to compel the production of the documents, including certain documents removed from the firm’s offices by the plaintiff. In this regard, the firm’s document requests, many of which sought the decedent’s personal financial information, were overly broad, and sought irrelevant or confidential information (see Conte v County of Nassau, 87 AD3d 559, 560 [2011]; Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc., 78 AD3d 752, 753 [2010]; Pugliese v Mondello, 57 AD3d 637, 640 [2008]; Benfeld v Fleming Props., LLC, 44 AD3d 599, 600 [2007]; Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, 621 [2005]; Latture v Smith, 304 AD2d 534, 536 [2003]). Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.