■ JOHN CIAFONE, as Proposed Administrator of ALFRED VARRIALE, Deceased, Appellant, v QUEENS CENTER FOR REHABILITATION AND RESIDENTIAL HEALTHCARE, Respondent, et al., Defendant. [5 NYS3d 462]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), entered August 26, 2013, which, upon an order of the same court entered July 2, 2013, granting the motion of the defendant Queens Center for Rehabilitation and Residential Healthcare to sever the action insofar as asserted against the defendant Cabrini Medical, restore the action to active status on the calendar, renew its motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it, and, upon renewal, to dismiss the complaint insofar as asserted against it, is in favor of the defendant Queens Center for Rehabilitation and Residential Healthcare, dismissing the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, with costs.

The late Alfred Varriale died on August 14, 2006. For approximately one year before his death, Varriale was a patient at the Queens Center for Rehabilitation & Residential Healthcare, a facility located in Whitestone, Queens, which is operated by the Clearview Operating Co., LLC, doing business as Queens Center for Rehabilitation & Residential Healthcare (hereinafter Queens Center). The plaintiff, as Varriale's proposed administrator, subsequently commenced this action naming "Queens Center for Rehabilitation and Residential Healthcare" and Cabrini Medical as defendants. The plaintiff

attempted to serve Queens Center by delivering the summons and complaint, which misstated Queens Center's name, to the Secretary of State, and by additionally delivering the summons and complaint to an employee at the facility's security desk. In August 2009, Queens Center moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. By order dated September 29, 2009, the Supreme Court denied the motion with leave to renew, solely upon the ground that the codefendant Cabrini Medical had filed for Chapter 11 bankruptcy protection, and thus an automatic stay was in place. More than three years later, in January 2013, Queens Center moved to sever the action insofar as asserted against Cabrini Medical, restore the action to active status on the calendar, renew its motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it, and, upon renewal, to dismiss the complaint insofar as asserted against it. The Supreme Court granted the motion, and a judgment in favor of Queens Center dismissing the complaint insofar as asserted against it was subsequently entered.

Contrary to the plaintiff's contention, the Supreme Court properly considered Queens Center's January 2013 motion. Although Queens Center allegedly failed to properly serve its motion papers, the plaintiff requested and obtained two adjournments of the motion return date, and thereafter submitted an affirmation in opposition which addressed the merits of the motion, and was accompanied by evidentiary submissions. Under these circumstances, the plaintiff was not prejudiced by the allegedly improper service of the motion papers, and waived his objection thereto (*see Jones v LeFrance Leasing L.P.*, 81 AD3d 900, 902-903 [2011]; *Piquette v City of New York*, 4 AD3d 402, 403 [2004]; *Henry v Gutenplan*, 197 AD2d 608 [1993]; *see also Lawrence v Kennedy*, 113 AD3d 731 [2014]).

The Supreme Court also properly granted that branch of Queens Center's motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it. Jurisdiction over Queens Center was not obtained by delivery of the summons and complaint to the Secretary of State, because the summons and complaint misstated Queens Center's name (*see Henriquez v Inserra Supermarkets, Inc.*, 68 AD3d 927, 928 [2009]; *Smith v Giuffre Hyundai, Ltd.*, 60 AD3d 1040, 1042 [2009]; *see also Holtzman v KTB Athletics SB TM*, 113 AD3d 656 [2014]; *Honeyman v Curiosity Works, Inc.*, 120 AD3d 1302 [2014]). Queens Center also demonstrated that jurisdiction was not obtained by the alleged delivery of the summons and complaint to an employee at the facility's security desk because

it is a limited liability company, and its four individual members are the only persons authorized to accept service on its behalf (*see* CPLR 311-a; *Stuyvesant Fuel Serv. Corp. v 99-105 3rd Ave. Realty*, 192 Misc 2d 104 [Civ Ct, Bronx County 2002]). Accordingly, dismissal of the complaint insofar as asserted against Queens Center was warranted pursuant to CPLR 3211 (a) (8).

The plaintiff's remaining contentions are without merit. Eng, P.J., Austin, Cohen and Barros, JJ., concur.