# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**841**
**CA 14-01642**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

LORI BARNABA-HOHM, AS ADMINISTRATRIX OF THE
ESTATE OF DANIEL HOHM, DECEASED,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ST. JOSEPH'S HOSPITAL HEALTH CENTER, EMERGENCY
CARE SERVICES OF NEW YORK, P.C., AMBER WILSON,
ANP-C, DEBORAH FIORDALICE, P.C.,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

KUEHNER LAW FIRM, PLLC, SYRACUSE (BRIAN D. ROY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HANCOCK ESTABROOK, LLP, SYRACUSE (ASHLEY D. HAYES OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS ST. JOSEPH'S HOSPITAL HEALTH CENTER AND DEBORAH
FIORDALICE, P.C.

PHELAN, PHELAN & DANEK, LLP, ALBANY (JOSEPH B. SLATER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS EMERGENCY CARE SERVICES OF NEW YORK, P.C. AND
AMBER WILSON, ANP-C.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered May 8, 2014. The order granted
the motions of defendants Emergency Care Services of New York, P.C.,
and Amber Wilson, ANP-C, and defendants St. Joseph's Hospital Health
Center and Deborah Fiordalice, P.C., for partial summary judgment and
dismissed plaintiff's cause of action for wrongful death against those
defendants.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice and
wrongful death action seeking damages arising from the death of her
husband (decedent), who died from ethylene glycol poisoning in what
was determined to be a suicide. In appeal No. 1, plaintiff appeals
from an order granting the respective motions of defendants Emergency
Care Services of New York, P.C. and Amber Wilson, ANP-C (Wilson
defendants), and defendants St. Joseph's Hospital Health Center and
Deborah Fiordalice, P.C. (hospital defendants), for partial summary
judgment dismissing the wrongful death cause of action against them

based on the expiration of the statute of limitations.  In appeal No. 2, plaintiff appeals from an order granting the motion of defendant Ahmad Bilal, M.D., for leave to amend his answer to assert a statute of limitations defense and for partial summary judgment dismissing the wrongful death cause of action against him based on that defense.  We affirm in both appeals.

In appeal Nos. 1 and 2, plaintiff advances several contentions to the effect that defendants' motions should have been denied on procedural grounds.  We reject those contentions.  Although CPLR 3212 (b) requires that a motion for summary judgment be supported by a copy of the pleadings, the Wilson defendants complied with that requirement by submitting the complaint and their answer, and they were not required to submit the answers of the other defendants (*see Bacon v Arden*, 244 AD2d 940, 941).

Bilal's failure to comply with CPLR 3212 (b) in his initial submission was excusable because he thereafter submitted a copy of his answer to the court (*see Dale v Gentry*, 66 AD3d 1469, 1469; *see also* CPLR 2001; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612).  In addition, the court properly granted Bilal's motion for leave to amend his answer in the absence of surprise or prejudice to plaintiff arising from his delay in raising a statute of limitations defense (*see* CPLR 3025 [b]; *Fahey v County of Ontario*, 44 NY2d 934, 935; *Town of Webster v Village of Webster*, 280 AD2d 931, 932-933).  The record establishes that plaintiff was aware at all relevant times that her wrongful death cause of action was potentially time-barred.  Plaintiff's remaining contentions against Bilal were raised for the first time in her reply brief and are therefore not properly before us (*see Turner v Canale*, 15 AD3d 960, 961, *lv denied* 5 NY3d 702).

A court has discretion to overlook late or defective service of a motion where the nonmoving party is not prejudiced (*see Bucklaew v Walters*, 75 AD3d 1140, 1141; *Clark v State of New York* [appeal No. 2], 302 AD2d 942, 944), and we conclude that the hospital defendants' alleged failure to serve their initial moving papers on plaintiff's attorney "was a mere irregularity that did not result in substantial prejudice" to plaintiff given that she was able to address the substance of the statute of limitations issue in her opposition papers (*Jones v LeFrance Leasing L.P.*, 81 AD3d 900, 903; *see Ciafone v Queens Ctr. for Rehabilitation & Residential Healthcare*, 126 AD3d 662, 663; *Clark*, 302 AD2d at 944; *see generally* CPLR 2103 [b] [2]).

Contrary to plaintiff's contention with respect to the merits in each appeal, the infancy toll provided in CPLR 208 does not apply to her wrongful death cause of action, even though the minor children of plaintiff and decedent are distributees of decedent's estate, because plaintiff is also a distributee and was available both to seek appointment as the personal representative of the estate and to commence an action on behalf of the children in a timely fashion (*see Baez v New York City Health & Hosps. Corp.*, 80 NY2d 571, 576-577; *Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714,

716; *Merced v Wyckoff Hgts. Med. Ctr.*, 225 AD2d 532, 532, *lv denied* 88 NY2d 805; *cf. Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687, 693-694; *Matter of Boles v Sheehan Mem. Hosp.*, 265 AD2d 910, 911-912).

Entered:  July 2, 2015                                Frances E. Cafarell
                                                    Clerk of the Court