**Bortugno v Schindler El. Corp.**

2024 NY Slip Op 33883(U)

October 30, 2024

Supreme Court, New York County

Docket Number: Index No. 150623/2013

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**                    PART          05M
                                           *Justice*

-----------------------------------------------------------------------------X

NICHOLAS BORTUGNO,                          INDEX NO.          150623/2013

                         Plaintiff,         MOTION DATE        10/16/2024

                                            MOTION SEQ. NO.        016
         - v -

SCHINDLER ELEVATOR CORPATION, MIDLAND
ELEVATOR CO INC,                            **DECISION + ORDER ON
                                            MOTION**
                         Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 016) 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509

were read on this motion to                        PRECLUDE                        .

Defendants Schindler Elevator Corporation and Midland Elevator Co., Inc. ("Defendants") move for two motions *in limine*: (1) to preclude Plaintiffs from introducing evidence pertaining to elevators not involved in the subject incident, and (2) to preclude Plaintiffs from introducing arguments or evidence alleging fraud in connection with government contracting. Upon review of the submissions and relevant law, both motions are granted in their entirety.

### I.     Motion to Preclude Evidence Pertaining to Other Elevators

Plaintiffs allege that Mr. Bortugno was injured on January 19, 2012, when an elevator gate struck him while entering Freight Elevator No. 105. At trial, it is anticipated that Plaintiffs will seek to introduce evidence concerning the maintenance, condition, and operation of elevators other than the freight elevator involved in the incident. Defendants argue that such evidence is irrelevant and would likely confuse the jury. In opposition, Plaintiffs argue that because the Defendants were responsible for maintaining multiple elevators in the James A. Farley Building under a single contract, the condition and maintenance of other elevators is relevant to the alleged negligence regarding Freight Elevator No. 105. Specifically, Plaintiffs contend that these elevators share similar designs and that systemic maintenance failures across all elevators could demonstrate Defendants' negligence with respect to the subject elevator.

As a threshold matter, the court is guided by the fundamental rule of evidence that only relevant material may be introduced at trial (*see* NY R. Evid. 4.01). Evidence is "relevant" if it tends to make a fact of consequence more or less probable (*id.*). Here, the condition and maintenance of elevators other than the one involved in the incident have little to no probative value. As Defendants correctly observe, each elevator has its own unique history, is subject to different repairs, and contains different equipment—particularly in the case of a specialized freight

[* 1]

elevator such as the one involved in this case (*see, e.g.*, *Jones v Lefrance Leasing Ltd. Partnership*, 81 AD3d 900, 903 [2d Dept 2011] [affirming the exclusion of repair and maintenance records of unrelated elevators]).

Moreover, Defendants' duties under the contract do not create an obligation to assess the performance of other elevators to determine liability regarding the subject elevator. While Plaintiffs claim that the elevators share certain characteristics, each has a different history of repairs and use, making the inclusion of other elevators irrelevant (*Jones, supra*). Similarly, insofar as Plaintiffs seek to introduce evidence of maintenance on other elevators to demonstrate a "pervasive or routine failure of...maintenance" (Plaintiffs' Response, 24), Defendants rightly emphasize that this case concerns the inspection of the gate, light, and alarm specific to a single elevator. Accordingly, maintenance activities related to other elevators are irrelevant and lack probative value. Reference to other elevators risks attributing liability to Defendants for maintenance issues unrelated to the alleged damages in this case. Consider this analogy, the substance of which was alluded to by Defendants at oral argument on October 30, 2024: just as the condition of other cars in a fleet does not determine the safety of a single vehicle, the maintenance history of other elevators does not speak to the upkeep of Freight Elevator No. 105. Even if Defendants' maintenance of all other elevators revealed a "pervasive and routine failure," it would remain irrelevant if proper maintenance was performed on Freight Elevator No. 105, the subject in question. Conversely, even if all other elevators were properly maintained, only the maintenance specific to Freight Elevator No. 105 is pertinent. Liability should rest solely on the specific acts or omissions tied to this elevator, rather than the broader condition of unrelated systems.

In addition, allowing such evidence risks confusing and misleading the jury. While Plaintiffs cite case law permitting the introduction of systemic maintenance failures in certain contexts (*Z.D. v. MP Management, LLC*, 150 AD3d 550 [1st Dept 2017]; *Candela v. New York City Sch. Constr. Auth.*, 97 AD3d 507 [1st Dept 2012]), these cases are distinguishable. The present case involves a specific incident with Freight Elevator No. 105, and the court finds that the inclusion of evidence pertaining to unrelated elevators would unnecessarily distract the jury from the central issue: whether this particular elevator was properly kept. The probative value of such evidence is minimal at best and is outweighed by the risk of confusing the jury as to the issues actually before them. This is consistent with long-standing evidentiary principles prohibiting the introduction of unrelated acts to prove a party's conduct on a particular occasion (*People v. Molineux*, 168 NY 264 [1901]).

Testimony or documents relating to the maintenance of other elevators would distract from the central question of whether Freight Elevator No. 105 was properly inspected and repaired at the time of the incident. Even if there were some minimal probative value to this evidence, it would be substantially outweighed by the risk of unfair prejudice and jury confusion.

The court, therefore, concurs with Defendants that the introduction of evidence concerning other elevators is irrelevant to the negligence claims at issue and could mislead the fact-finders into holding Defendants accountable for unrelated conduct. This could result in undue prejudice, potentially inciting the jury to reach a verdict based on extraneous considerations rather than the facts of the case before them. Indeed, any marginal relevance this evidence may possess is

[* 2]

substantially outweighed by the risk of undue prejudice and confusion. In the interest of maintaining clarity and ensuring a fair trial, the court finds it appropriate to preclude the introduction of any such evidence.[1]

## II.        Motion to Preclude Government Contracting Allegations

In addition, Defendants seek to preclude Plaintiffs from introducing any arguments or evidence that allege fraud in connection with government contracting, particularly as it relates to the contracts Schindler Elevator Corporation and Midland Elevator Co., Inc. held with government entities. Plaintiffs' counsel, during prior proceedings, referred to these entities "cutting corners" to secure government contracts, insinuating fraudulent intent.

Plaintiffs oppose this application by asserting that Plaintiffs' counsel's prior remarks were a legitimate critique of Defendants' pecuniary motives in fulfilling their contractual obligations. Plaintiffs emphasize that there are no fraud claims, but argue that Defendants' financial incentives are relevant to the jury's evaluation of whether Defendants adequately performed under the contract.

The court concurs with Defendants that references to "government contracting" or insinuations of fraud are inappropriate and irrelevant to the issues of negligence. While Plaintiffs attempt to characterize these remarks as fair commentary, they risk inflaming the jury by implying that Defendants engaged in wrongful conduct in securing or executing government contracts. Such arguments stray far afield from the core issues of whether Defendants exercised reasonable care in maintaining Freight Elevator No. 105. The core issue in this matter pertains to alleged negligence, not fraud. There are no fraud claims pending in this case. As the Appellate Division, First Department, has made clear, irrelevant arguments, particularly those concerning unrelated matters such as government contracting, should be excluded (*see State v Metz*, 241 AD2d 192, 198 [1st Dept 1998]).

Furthermore, Plaintiffs have not provided any substantive basis for introducing this line of argument in relation to Defendants' alleged negligence. The court finds that allowing such arguments would prejudice Defendants by improperly focusing the jury's attention on unrelated matters. This would create an undue risk of a verdict based on speculation about Defendants' financial practices rather than the facts of the case.

Even if such arguments were tangentially related to the issues in this case, the prejudicial effect on the jury would be immense. Allegations of government fraud could inflame the jury's passions, particularly as taxpayers may feel personally aggrieved by any purported "cutting corners" in government contracts. This would result in undue prejudice to Defendants, overshadowing the central question of whether Defendants acted negligently with respect to the maintenance of Freight Elevator No. 105.

---

[1] The court recognizes, as raised during oral argument on October 30, 2024, that certain records relevant to Freight Elevator No. 105 may be attached to documents pertaining to other elevators. If either party wishes to introduce such evidence, any references to elevators other than Freight Elevator No. 105 must be redacted.

**150623/2013   BORTUGNO, NICHOLAS vs. SCHINDLER ELEVATOR**                                 Page 3 of 4
**Motion No.  016**

[* 3]

In view of these considerations, the court finds that Plaintiffs' references to government contracting and allegations of fraud must be precluded to avoid jury confusion and to ensure a fair and focused trial on the issues of negligence.

For the foregoing reasons, it is hereby:

**ORDERED** that Defendants' motion *in limine* to preclude evidence pertaining to elevators other than Freight Elevator No. 105 is granted in its entirety; and it is further

**ORDERED** that Defendants' motion *in limine* to preclude any arguments or evidence regarding government contracting or allegations of fraud is granted in its entirety.

This constitutes the decision and order of the court.

20241030122334HKING0BF6F9DAF68624E18AED758C09107395A

**10/302024**
DATE

**HASA A. KINGO, J.S.C.**

CHECK ONE:

| | | |
|---|---|---|
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |

150623/2013   BORTUGNO, NICHOLAS vs. SCHINDLER ELEVATOR     Page 4 of 4
Motion No.  016

4 of 4